**Pedro L. BUENO, Petitioner–Appellant,**

v.

**John HALLAHAN, et al., Respondents–Appellees.**

No. 92–16183.

United States Court of Appeals, Ninth Circuit.

Submitted March 10, 1993 *.

Decided March 18, 1993.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App.P. 34(a); 9th Cir.R. 34–4.

Pedro L. Bueno, pro se.

Barbara A. Jarrett, Asst. Atty. Gen., Phoenix, AZ, for respondents-appellees.

Before: WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.

PER CURIAM:

Pedro L. Bueno, an Arizona state prisoner, appeals pro se the denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for eight counts of attempted trafficking in stolen property. He contends that the state trial court violated due process by admitting hearsay evidence, requiring him to elect defenses, and enhancing his sentence on the basis of prior convictions. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, *Norris v. Risley*, 878 F.2d 1178, 1180 (9th Cir.1989), and affirm.

First, Bueno contends that the district court erred by denying on the merits and alternatively finding procedurally defaulted his claim of improper admission of hearsay testimony. This contention lacks merit.

A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process. *Jammal v. Van de Kamp*, 926 F.2d 918, 919–20 (9th Cir.1991)

Bueno's convictions were based on his purchase of cigarettes and liquor from

an undercover police officer. He contends that the trial court violated due process by admitting the officer's hearsay testimony about conversations between the officer and a grocery store employee. The conversations concerned the prices of cigarettes and liquor and were used to show that Bueno purchased these products for less money than he would have paid at a retail store.

Bueno contends that the officer's testimony was so unreliable and so central to the state's proof of the mens rea element of the offenses that its admission rendered his trial fundamentally unfair. This contention lacks merit because other evidence, such as Bueno's statement that "cops are in the area all the time," established mens rea. Accordingly, the district court did not err by denying Bueno's hearsay claim. *See id.*

Second, Bueno contends that the trial court violated his right to due process by following state law requiring him to admit all of the elements of each offense before it would instruct the jury on an entrapment defense. *See State v. Soule,* 168 Ariz. 134, 135, 811 P.2d 1071, 1072 (1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 888, 116 L.Ed.2d 791 (1992). This contention lacks merit.

The Supreme Court has held that a federal criminal defendant who denies one or more elements of the offense is entitled to an entrapment instruction if there is sufficient evidence from which a reasonable jury could find entrapment. *Mathews v. United States,* 485 U.S. 58, 62, 108 S.Ct. 883, 886, 99 L.Ed.2d 54 (1988). Nevertheless, this holding is not compelled by the Constitution. *Id.* at 66, 108 S.Ct. at 888; *see also id.* at 69, 108 S.Ct. at 889 (White, J., dissenting); *Soule,* 168 Ariz. at 135–37, 811 P.2d at 1072–74 (declining to follow *Mathews*). Accordingly, the district court did not err by denying Bueno's claim regarding election of defenses. *See Jammal,* 926 F.2d at 919 ("[o]n federal habeas we may only consider whether the petitioner's conviction violated constitutional norms").

Finally, Bueno contends that trial court violated his right to due process by counting some of the attempted trafficking convictions as prior convictions for purposes of enhancing his sentences on other attempted trafficking convictions. This contention lacks merit.

Ariz.Rev.Stat. § 13–604(C) provides that a person "convicted of a Class 4, 5, or 6 felony, whether a completed or preparatory offense, and who has been previously convicted of two or more felonies". is subject to enhanced punishment. On Bueno's direct appeal, the Arizona Court of Appeals interpreted this provision to mean that prior felonies could include preparatory offenses. We must defer to the state court's interpretation of state law. *See Estelle v. McGuire,* —— U.S. ——, ——, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991) ("it is not the province of a federal habeas court to reexamine state court determinations on state law questions"). Moreover, sentence enhancement on the basis of prior convictions for preparatory offenses does not violate the Constitution. The district court did not err by denying Bueno's sentencing claim. *See Jammal,* 926 F.2d at 919 ("[o]n federal habeas we may only consider whether the petitioner's conviction violated constitutional norms").

We deny Bueno's motion to sanction appellees for filing a late answering brief.

AFFIRMED.