34 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stanley WRIGHT, Petitioner-Appellant,
v.
Bryan S. GUNN, Respondent-Appellee.
 No. 94-15280.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 26, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stanley Wright, a California prisoner, appeals pro se the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Wright was convicted of first degree murder with use of a firearm. Wright contends that the trial court erred in: (1) excluding significant defense evidence; (2) excluding evidence of the victim's heroin use; and (3) instructing the jury on premeditation and deliberation. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 Wright contends that the trial court erred in excluding evidence of victim Gilbert Jurado's past criminal record of selling and using narcotics. He argues that Jurado had a past history of violent behavior when Jurado used heroin. Wright contends that this evidence would have supported his theory of self-defense by showing that Jurado was under the influence of heroin and therefore acting violently on the night Jurado was killed.
 
 
 4
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (reemphasizing that federal habeas court may not reexamine state court determinations on state law questions). The Supreme Court has defined the category of infractions that violate fundamental fairness very narrowly. See McGuire, 112 S.Ct. at 482. "To evaluate whether exclusion of evidence reaches constitutional proportions, we should consider five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 5
 Here, Wright has failed to show that the exclusion of evidence of Jurado's heroin use violated fundamental fairness. See Bueno, 988 F.2d at 87; Tinsley, 895 F.2d at 530-31. First, the probative value of the evidence was of limited relevance because Jurado's past history of heroin use does not necessarily show that Jurado used heroin or acted violently on the night he was killed. Second, although the evidence may have been reliable, this factor carries less weight given the high probability that the jury could view this evidence as an impermissible reflection on Jurado's character. Third, this evidence was largely cumulative because various witnesses testified that Jurado had used heroin in the past, had recent needle marks on his arms, and had resisted arrest two years earlier. Finally, the evidence of Jurado's past heroin use did not constitute a major part of the defense theory. Although Wright argued that Jurado behaved irrationally on the night he was killed, there was no evidence of such behavior or even conclusive evidence that Jurado was under the influence of heroin. Accordingly, the exclusion of Jurado's past criminal history did not violate fundamental fairness. See Bueno, 988 F.2d at 87; Tinsley, 895 F.2d at 530.[1]
 
 
 6
 Wright contends that the trial court gave an erroneous jury instruction on premeditation and deliberation. Specifically, Wright argues that the jury instruction removed the element of deliberation from the jury. This contention lacks merit.
 
 
 7
 When a habeas petitioner challenges a jury instruction, he or she must show that the allegedly defective instruction so infected the entire trial that the resulting conviction violates due process. McGuire, 112 S.Ct. at 482; Masoner v. Thurman, 996 F.2d 1003, 1006 (9th Cir.), cert. denied, 114 S.Ct. 643 (1993). The instruction may not be judged in artificial isolation, but must be considered in the context of the instructions as a whole and the trial record. McGuire, 112 S.Ct. at 482; Suniga v. Bunnell, 998 F.2d 664, 666-67 (9th Cir.1993). In reviewing an ambiguous jury instruction, we inquire whether there is a reasonable likelihood that the jury has applied the challenged instruction in an unconstitutional manner. McGuire, 112 S.Ct. 482; Suniga, 998 F.2d at 667.
 
 
 8
 Here, the trial court instructed the jury on deliberate and premeditated murder by giving a modified version of CALJIC 8.20. The trial court modified the instruction by striking a portion of a phrase in one sentence. Although the modified sentence was somewhat unclear, it is highly unlikely that the jury applied the instruction in an unconstitutional manner. See McGuire, 112 S.Ct. at 482. Both the preceding and succeeding paragraphs of the challenged instruction defined "deliberate" and a "deliberate and premeditated killing." Viewing the instructions as a whole, we cannot find that the challenged portion of the instruction so infected the entire trial as to violate due process. See id. Accordingly, the district court properly denied Wright's habeas petition since Wright failed to demonstrate any constitutional error. See id. at 480.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wright also argues that the trial court erroneously excluded significant defense evidence. However, with the exception of the evidence of Jurado's heroin use, Wright has not discussed any other evidence. Thus, it appears that Wright's first claim is subsumed in his second claim