46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David Dean RICHARDS, Petitioner-Appellant,
v.
Jerry STAINER, Warden; Attorney General for the State of
California, Respondents-Appellees.
 No. 94-55914.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Dean Richards, a California state prisoner, appeals the district court's denial of his 28 U.S.C. Sec. 2254 habeas petition. Following a jury trial, Richards was convicted of forcible rape, sodomy, attempted sodomy, forcible oral copulation, and residential burglary. Richards contends that the trial court: (1) erroneously excluded vital defense evidence; and (2) violated his right to confrontation by limiting the scope of his cross-examination of two witnesses. We have jurisdiction under 28 U.S.C. Sec. 2253. We review de novo, Hendricks v. Zenon, 993 F.2d 664, 668 (9th Cir.1993) and affirm.
 
 
 3
 Richards contends that the trial court erred in excluding the testimony of Curtis Morgan and the further testimony of Michael Duncan. Morgan and Duncan allegedly would have testified that Richards earned his living by buying and selling stolen property. Richards contends that this evidence would have supported his theory that he did not steal the victim's property himself but merely received it by trafficking in stolen property. This contention lacks merit.
 
 
 4
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) (reemphasizing that federal habeas court may not reexamine state court determinations on state law questions). "To evaluate whether exclusion of evidence reaches constitutional proportions, we should consider five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. We must then balance the importance of the evidence against the state interest in exclusion." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991).
 
 
 5
 Here, Richards has failed to show that the exclusion of evidence of his trafficking in stolen property rendered his trial fundamentally unfair. See McGuire, 112 S.Ct. at 480; Tinsley, 895 F.2d at 530-31. Most of the five Tinsley factors weigh against Richards. See Tinsley, 895 F.2d at 530-31. The excluded evidence was only marginally relevant to Richards' theory that he received the victim's property through trafficking in stolen goods. Moreover, the excluded evidence was not only potentially confusing to the jury but also highly prejudicial to Richards himself. Because the potentially confusing and prejudicial nature of the excluded evidence outweighed any minor probative value, the district court did not err by denying Richards' due process claim. See McGuire, 112 S.Ct. at 480; Tinsley, 895 F.2d at 531.
 
 
 6
 Richards contends that the trial court violated his right to confrontation by limiting the scope of his cross-examination of two witnesses. This contention lacks merit.
 
 
 7
 "The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him." Delaware v. Van Arsdall, 475 U.S. 673, 678 (1986). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir.1992) (citing Van Arsdall, 475 U.S. at 679). In order to determine whether a Sixth Amendment violation occurred, it is necessary to make a two-part inquiry. Wood, 957 F.2d at 1549-50. First, we must inquire whether the excluded evidence is relevant. Id. at 1550. If the evidence is relevant, we ask next whether other legitimate interests outweigh the interest in presenting the evidence. Id. We will find a Sixth Amendment violation only where the trial court abused its discretion. Id. "A trial court does not abuse its discretion so long as the jury has sufficient information upon which to assess the credibility of witnesses." Id.; Evans v. Lewis, 855 F.2d 631, 633-34 (9th Cir.1988) (explaining that evaluation of witness' general credibility enjoys less protection than right to develop witness' bias).
 
 
 8
 Richards contends that the trial court denied him his Sixth Amendment right to confrontation because the court refused to allow him to cross-examine Michael Duncan with his juvenile felony conviction for residential burglary. This contention lacks merit.
 
 
 9
 The evidence was marginally relevant at best. See Wood, 957 F.2d at 1550. Since there was no evidence that Duncan himself was a suspect, the evidence was only relevant to impeach Duncan's credibility rather than to develop any potential bias. See Evans, 855 F.2d at 633-34. In addition, although the trial court excluded the nature of Duncan's conviction, the court allowed Richards to cross-examine Duncan with the prior juvenile conviction. The jury had sufficient information upon which to assess Duncan's credibility. See Id. at 634. Accordingly, the trial court did not abuse its discretion in limiting the scope of Richards' cross-examination of Duncan. See Wood, 957 at 1550.
 
 
 10
 Richards contends that the trial court denied him his Sixth Amendment right to confrontation because the court refused to allow Richards to cross-examine Mary R., the victim, with evidence of her allegedly false statements to the police in connection with an earlier burglary. This contention lacks merit because this evidence was marginally relevant at best to impeach Mary R.'s credibility. The trial court acted within its discretion when it held that the prejudicial effect of the proffered evidence outweighed any probative value. See Wood, 957 F.2d at 1549-50. Furthermore, the extent of cross-examination was sufficient to allow the jury to evaluate Mary R.'s general credibility. See Evans, 855 F.2d at 633-34. Accordingly, the trial court did not abuse its discretion in excluding evidence of Mary R.'s statements concerning the earlier burglary. See Wood, 957 F.2d at 1550.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3