76 F.3d 385
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joaquin CARRIZOZA, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden, Respondent-Appellee.
 No. 95-55363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1995.*
Decided Dec. 11, 1995.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Joaquin Carrizoza, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. After conviction for second degree murder, assault with a deadly weapon, and use of a firearm, Carrizoza was sentenced to a total term of twenty-five years to life imprisonment. He contends that: (a) his due process rights were violated by the admission of highly prejudicial hearsay; and (b) his sentence was improperly calculated under California law. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Sanders v. Ratelle, 21 F.3d 1446, 1451 (9th Cir.1994), and affirm.
 
 A. Hearsay
 
 3
 Carrizoza contends the trial court violated his due process rights by admitting highly prejudicial hearsay. We disagree.
 
 
 4
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (federal habeas court may not reexamine state court determinations on state law questions). The Supreme Court has defined the category of infractions that violate fundamental fairness very narrowly. See McGuire, 502 U.S. at 73.
 
 
 5
 At Carrizoza's trial, Manuel Ontiveras testified that, a few days prior to the shootout at the El Sombrero bar, Carrizoza told Ontiveras that he was going to give Toni Villegas ten bullets and himself five. Carrizoza's statement to Ontiveras was an admission, a hearsay exception under state law, and was highly probative of the issue of whether he was guilty of the charge of attempted murder of Toni Villegas. Consequently, the district court properly denied this claim. See McGuire, 502 U.S. at 67-68; Bueno, 988 F.2d at 87.
 
 B. Sentencing Errors
 
 6
 Carrizoza contends that the district court erred in denying his claim that his sentence was improperly calculated under California law. He maintains that the trial court used "impermissible factors to aggravate [his] sentence." Carrizoza fails to explain what factors were impermissible or how such errors reached constitutional significance. Carrizoza has not shown that any error of state law occurred, much less error of federal constitutional significance. Accordingly, the district court properly denied Carrizoza's sentencing claim on the ground that it was noncognizable in federal habeas proceedings. See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir.1994) ("absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief"); see also Estelle v. McGuire, 502 U.S. at 68.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3