83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kelvin E. PATTERSON, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden, Respondent-Appellee.
 No. 94-56735.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1996.*
Decided April 12, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kelvin E. Patterson, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Following a jury trial, Patterson was convicted of attempted murder and assault with a deadly weapon. Patterson contends that the trial court violated his due process rights by erroneously excluding defense evidence. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reemphasizing that federal habeas court may not reexamine state court determinations on state law questions). To evaluate whether exclusion of evidence reaches constitutional proportions, this court considers five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), cert. denied, 498 U.S. 1091 (1991). This court must then balance the importance of the evidence against the state interest in exclusion. Id.
 
 
 4
 Patterson contends that the trial court erroneously excluded Patterson's rebuttal evidence to the prosecution's argument that two defense witnesses fabricated their testimony because they did not testify at the preliminary hearing.
 
 
 5
 The exclusion of this evidence did not render Patterson's trial fundamentally unfair. See McGuire, 502 U.S. at 67-68; Bueno, 988 F.2d at 87. This evidence was mildly probative at best on the question of Patterson's guilt or innocence. See Tinsley, 895 F.2d at 530-31. Although the trial court precluded expert testimony on preliminary hearings, the court told defense counsel he could raise this point during closing argument.[1] In addition, it was unclear how this "rebuttal" evidence would have assisted Patterson because there were numerous other factors that undermined the credibility of these witnesses.
 
 
 6
 Patterson contends that the trial court erroneously precluded him from cross-examining the victim's attending physician on the extent of Patterson's wound. Patterson contends that this evidence was relevant to show that he acted in self-defense when the victim stabbed him with a four-inch knife blade.
 
 
 7
 The exclusion of this evidence did not render Patterson's trial fundamentally unfair. See McGuire, 502 U.S. 67-68; Bueno, 988 F.2d at 87. The evidence of the severity of Patterson's knife wound was only marginally relevant to Patterson's self-defense theory. See Tinsley, 895 F.2d at 530. Furthermore, Dr. Schreiber lacked foundation to render an opinion because he neither treated Patterson nor examined any of his medical records. Finally, this evidence would have been merely cumulative because the defense introduced the knife itself and Patterson testified as to the extent of his injuries. See id.
 
 
 8
 Accordingly, the district court properly denied Patterson's petition because no due process violation occurred. See McGuire, 502 U.S. at 67-68; Bueno, 988 F.2d at 87.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The trial court advised defense counsel that he could tell the jury that the defense is not required to produce all witnesses at the preliminary hearing. Defense counsel, however, did not raise this point during closing argument