83 F.3d 427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard GARVER, Petitioner-Appellant,
v.
Robert G. BORG, Warden, Respondent-Appellee.
 No. 95-15106.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard Garver, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Garver contends that: (1) the district court erred by finding that the admission of hearsay evidence was harmless error and did not violate Garver's Confrontation Clause and Due Process rights, and (2) the trial court should have sua sponte instructed the jury on circumstantial evidence. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the denial of a petition for writ of habeas corpus, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 * Confrontation Clause
 
 
 4
 Garver contends that the erroneous admission of hearsay statements violated his Confrontation Clause rights and that the admission was not harmless error. This contention lacks merit.
 
 
 5
 Out-of-court statements that have sufficient guarantees of reliability to fall within a firmly rooted exception to the hearsay rule do not violate a defendant's right to confrontation. White v. Illinois, 502 U.S. 346, 356 (1992). Here, the trial court admitted statements regarding the victim, Souza's, fear of Garver, that Garver "might be pissed off" at the victim and that the victim feared what might happen if Garver got out of "detox." Because these statements do not fall within a firmly rooted exception to the hearsay rule, their admission arguably violated the Confrontation Clause. See id.
 
 
 6
 Alleged violations of the Confrontation Clause are subject to harmless error analysis. Christian v. Rhode, 41 F.3d 461, 468 (9th Cir.1994). Under the harmless error analysis, we look to whether the trial court's error, "had substantial and injurious effect or influence in determining the jury's verdict." Id. (quoting Brecht v. Abrahamson, 507 U.S. 619, 637 (1993)). In reviewing Confrontation Clause violations, "harmlessness cannot include consideration of whether the witness' testimony would have been unchanged, or the jury assessment unaltered, had there been confrontation ... [it] must therefore be determined on the remaining evidence." Id. (quoting Coy v. Iowa, 487 U.S. 1012, 1021-22 (1988)).
 
 
 7
 Here, Garver contends the trial court's admission of hearsay evidence regarding Souza's fear of Garver was the only evidence that supported the "intent to kill" element needed to prove felonious-murder special circumstances. There was sufficient evidence of Garver's actions, however, excluding the hearsay evidence, to establish the requisite intent and to support the jury's verdict.
 
 
 8
 In addition to the hearsay evidence, the government presented evidence that, prior to Souza's death, an argument ensued between Garver and Souza in the bedroom. Monzo, who accompanied Garver to Souza's apartment, then entered the room and began to stab Souza, cutting Garver's hand. Because there was no evidence of the victim being dragged from the bedroom to the living room, a jury could infer that Garver assisted Monzo in carrying Souza to the couch. From the large amount of blood located behind the couch a jury could reasonably infer that a struggle ensued on the couch. From the medical testimony that Souza was motionless when he was stabbed to death coupled with the size differential between Monzo and Souza, the jury could infer that Garver assisted Monzo in restraining Souza on the couch. Also, there was forensic evidence of Garver's blood on Souza's clothing and throughout Souza's apartment indicating that Garver was in close contact with Souza and in Souza's apartment the day of the killing. Excluding the admission of the hearsay testimony, there was sufficient evidence to establish the requisite intent to prove felonious-murder special circumstances. Accordingly, it cannot be said that the erroneously admitted hearsay had a substantial and injurious effect on the jury's verdict. See Brecht, 507 U.S. at 637; see also Christian, 41 F.3d at 468.
 
 II
 Due Process Clause
 
 9
 Garver contends that the admission of hearsay evidence violated his due process rights. This contention lacks merit.
 
 
 10
 In the context of habeas corpus, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Federal habeas corpus relief is granted only if the state court's evidentiary ruling renders the state proceeding so fundamentally unfair as to violate due process. Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam).
 
 
 11
 Here, in light of other evidence on the record, even assuming that the admission of hearsay was error, it cannot be said that its admission rose to the level of fundamental unfairness. See id. Thus, Garver's due process rights were not violated. See id.
 
 III
 Jury Instruction
 
 12
 Garver also contends that the trial court should have instructed the jury sua sponte regarding the interpretation of circumstantial evidence. We decline to address this issue because it was not presented to the district court. See Willard v. California, 812 F.2d 461, 465 (9th Cir.1987). For these reasons, we affirm the district court's denial of the petition for writ of habeas corpus. See Calderon, 59 F.3d at 1008.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3