95 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carlos Moreno CANALES, Petitioner-Appellant,
v.
Samuel A. LEWIS, Director, Respondent-Appellee.
 No. 96-15167.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 12, 1996.*
Decided Aug. 26, 1996.
 
 Before: BROWNING, SCHROEDER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona prisoner Carlos Moreno Canales appeals pro se the district court's dismissal of his habeas corpus petition brought under 28 U.S.C. § 2254. Canales contends that the state sentencing judge improperly enhanced his sentence by considering Canales' drug addiction and a ten year old prior conviction. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review de novo, Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and affirm.
 
 
 3
 Canales' argument is based on alleged errors of state law. Because he fails to demonstrate how his detention violates the Constitution or laws of the United States, the district court properly dismissed his petition. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); see also Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir.1993) (per curiam) (noting that federal court must defer to state court's interpretation of state law).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3