103 F.3d 138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael HIBBERT, Petitioner-Appellant,
v.
Bert RICE, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 95-56516.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 18, 1996.*
Decided Nov. 20, 1996.
 
 Before: PREGERSON, REINHARDT, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Hibbert, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his robbery convictions and firearm enhancements. Hibbert contends that: (1) the trial court erroneously excluded vital defense evidence; (2) the trial court erred by failing to instruct the jury on the sufficiency of circumstantial evidence; (3) the firearm enhancements under Cal. Penal Code § 12022.5 were not supported by the evidence; and (4) the prosecutor committed prejudicial misconduct. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.[1]
 
 
 3
 Hibbert contends that the exclusion of defense evidence deprived him of a fair trial. This contention lacks merit.
 
 
 4
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 502 U.S. 62, 67 (1991) (reemphasizing that federal habeas court may not reexamine state court determinations on state law questions). "To evaluate whether exclusions of evidence reaches constitutional proportions, we should consider five factors: (1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense. We must then balance the importance of the evidence against the state interest in exclusion." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990).
 
 
 5
 At trial, victim Ho Soo Lee testified that he was robbed on October 1, 1991. Lee noticed the robber drive away in a light brown Thunderbird. The license plate number Lee gave to the police matched Hibbert's light brown Thunderbird. Lee could not positively identify Hibbert at trial, but stated that a booking photograph of Hibbert resembled the perpetrator. Hibbert, who chose not to testify, contends that the exclusion of evidence that someone else was arrested driving Hibbert's Thunderbird days after the October 1, 1991 robbery deprived Hibbert of a defense.[2] Most of the five Tinsley factors, however, weigh against Hibbert. See Tinsley, 895 F.2d at 530-31. The excluded evidence was remote to the time of the robbery, was of limited probative value, and was potentially confusing to the jury. Hibbert has thus failed to demonstrate that the excluded evidence rendered his trial fundamentally unfair. See Tinsley, 895 F.2d at 530-31.
 
 
 6
 Hibbert contends that the trial court deprived him of a fair trial by failing to instruct the jury on the sufficiency of circumstantial evidence as set forth in CALJIC No. 2.01. This contention lacks merit.
 
 
 7
 Normally, a claim that challenges the propriety of a jury instruction under state law cannot reasonably be construed to allege a deprivation of federal rights. Van Pilon v. Reed, 799 F.2d 1332, 1342 (9th Cir.1986). The fact that the jury "instruction may have been deficient in comparison to the CALJIC model" is not a basis for habeas relief. McGuire, 502 U.S. at 72. "The only question for us is 'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.' " id. (citation omitted).
 
 
 8
 At trial, the prosecution substantially relied on circumstantial evidence to prove that Hibbert robbed Lee. Therefore, the trial court erred by failing to instruct the jury pursuant to CALJIC No. 2.01. See People v. Marquez, 822 P.2d 418, 431 (Cal.1992) (CALJIC No. 2.01 must be given where prosecution substantially relies of circumstantial evidence). We conclude, however, that because of the similarity in modus operandi, because Hibbert was positively identified as the perpetrator in eight of the nine robberies, and because Lee stated that a photograph of Hibbert resembled the perpetrator, Hibbert's trial was not infected by the court's failure to instruct the jury pursuant to CALJIC No. 2.01. Consequently, Hibbert has failed to demonstrate that his trial was rendered fundamentally unfair. See McGuire, 502 U.S. at 72; see also Van Pilon, 799 F.2d at 1342.[3]
 
 
 9
 Hibbert contends that the firearm enhancements were not supported by sufficient evidence because the firearm produced at trial was plugged and may not have been designed to shoot. This contention lacks merit.
 
 
 10
 There is sufficient evidence to support a conviction if, after viewing the evidence in the light most favorable to the prosecution and resolving any conflicting evidence in favor of the prosecution, any rational trier of fact could have found proof of guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). A firearm enhancement under Cal. Penal Code § 12022.5 is appropriate where the defendant menacingly displays a firearm during the course of a robbery. See Ballard v. Estelle, 937 F.2d 453, 457 (9th Cir.1991).
 
 
 11
 Here, victims in all nine robberies testified that a firearm was brandished in conjunction with the demand that they turn over their valuables. Moreover, none of the victims identified the firearm produced at trial as being the actual firearm brandished during the robberies. Accordingly, there was sufficient evidence to support the firearm enhancements even if the firearm produced at trial was plugged and may not have been designed to shoot. See Estelle, 937 F.2d at 457; see also Jackson, 443 U.S. at 319.[4]
 
 
 12
 Hibbert contends that the prosecutor committed prejudicial misconduct during cross-examination by attempting to elicit inadmissible evidence of uncharged crimes. Hibbert contends that the prosecutor's questions rendered his trial fundamentally unfair. This contention lacks merit.
 
 
 13
 To obtain relief for a claim of prosecutorial misconduct, the petitioner must show that the prosecutor's conduct "so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 181 (1986). In order to determine whether prosecutorial misconduct occurred, it is necessary to examine the entire proceedings and place the prosecutor's remarks in context. See Greer v. Miller, 483 U.S. 756, 765-66 (1987).
 
 
 14
 At trial, detective Han testified that he had investigated fifty to sixty subterranean garage robberies in Koreatown from September 15 to October 15, 1991. Han further testified that victims had identified people other than Hibbert as the perpetrators in these robberies. On cross-examination, the prosecutor asked "and there are other individuals, aren't there, that are not being charged in this case that have identified Mr. Hibbert." The trial court sustained Hibbert's hearsay objection.
 
 
 15
 Here, without deciding whether the prosecutor's question amounted to misconduct, we conclude that Hibbert has failed to demonstrate that the prosecutor's conduct rendered his trial fundamentally unfair. See Wainwright, 477 U.S. at 181. Hibbert's jury was given substantial evidence with which it could find Hibbert guilty of each of the nine robbery counts. Accordingly, Hibbert's has failed to make out a due process violation. See Greer, 483 U.S. at 765-66.
 
 
 16
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2254, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Hibbert's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the government's contention that because the California Supreme Court denied Hibbert's state habeas petition with citation to In re Waltreus, 397 P.2d 1001 (Cal.1965), Hibbert is procedurally barred from raising his claims. A Waltreus citation does not bar federal review. See Calderon v. United States, No. 96-70585, slip op. 13017, 13028 (9th Cir. Sept. 30, 1996)
 
 
 [2]
 The record indicates three conflicting dates on which this individual was arrested driving Hibbert's Thunderbird: October 3, 1991; October 20, 1991, and October 23, 1991
 
 
 [3]
 We reject Hibbert's contention that the trial court erred by failing to instruct the jury regarding an extrajudicial identification. Hibbert's contention that Lee made an extrajudicial identification of Hibbert is belied by the record
 
 
 [4]
 Because Hibbert did not raise his contention that the trial court failed to instruct the jury on the definition of firearm in the district court, we will not address it here. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994), cert. denied, 115 S.Ct. 1378 (1995)