119 F.3d 5
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sydney COOPER, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-55573.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 14, 1997.**
Filed July 18, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-01911-SVW; Stephen V. Wilson, District Judge, Presiding.
 Before HUG, Chief Judge, KOZINSKI, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Sydney Cooper appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. Cooper contends that: (a) the only black prospective juror was dismissed in violation of Batson v. Kentucky, 476 U.S. 79 (1986) and (b) the trial court violated Cooper's due process rights by excluding certain hearsay testimony. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 A. Batson Claim
 
 3
 Cooper contends that the district court erred by denying habeas relief because the prosecutor failed to provide a race neutral explanation for excluding the only black prospective juror from the jury venire. This contention lacks merit.
 
 
 4
 We review de novo the district court's dismissal of a Batson challenge. See Burks v. Borg, 27 F.3d 1424, 1426 (9th Cir.1994). "In habeas proceedings in federal courts, the factual findings of state courts are presumed to be correct, and may be set aside, absent procedural error, only if they are not 'fairly supported by the record.' " Purkett v. Elem, 115 S.Ct. 1769, 1771 (1995) (quoting 28 U.S.C. § 2254(d)).
 
 
 5
 Under Batson, once the defense makes a prima facia showing of racial discrimination, the burden shifts to the prosecutor to offer a race-neutral explanation for the peremptory challenge. See Batson, 476 U.S. at 96-97. The prosecutor's reasons must be facially nondiscriminatory, but need not be "persuasive or even plausible." Purkett, 115 S.Ct. at 1771. If the prosecutor offers a race-neutral explanation, the defendant must establish purposeful discrimination. See id. at 1770-71. It is only at this step that the persuasiveness of the prosecutor's explanation becomes relevant. See id.
 
 
 6
 Here, the prosecutor explained that the potential juror was dismissed because "her father's business was burned down in the riots.... I believe that being a victim of the riots probably causes her to have strong feelings about the police and the relationship of the police to the community, and I don't want any of that to come to place." The prosecutor further explained that the potential juror was excused because she had a family member in prison. After hearing the prosecutor's explanations, the trial court concluded that the juror was excluded for reasons other than her race. The state court's finding is fairly supported by the record. See Purkett, 115 S.Ct. at 1771.
 
 
 7
 Cooper contends that the dismissed black juror was the only prospective juror asked about the riots. The record shows, however, that the juror was never asked about the riots. Instead, she volunteered that her father's store burned down in the riots when she was asked whether she or her family were ever the victim of a crime.
 
 
 8
 Cooper also contends that the prosecutor's explanation was pretextual because a seated white juror's son was convicted of robbery five years earlier and presumably had been in prison. Cooper never raised this challenge in the trial court and the prosecutor never had the opportunity to explain the distinction between the seated white juror and the excused black juror. Thus, Cooper failed to establish purposeful discrimination. See Purkett, 115 S.Ct. at 1770-71; see also Burks, 27 F.3d at 1429 ("Batson is [not] violated whenever prospective jurors of different races provide similar responses and one is excused while the other is not").
 
 B. Exclusion of Hearsay
 
 9
 At trial, Roy Beasley testified that Cooper shot the victim. Cooper contends that his due process rights were violated when the trial court excluded as hearsay testimony from Marvin McClendon that Beasley told him that Cooper did not shoot the victim. This contention lacks merit.
 
 
 10
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam). Because Cooper had the opportunity but declined to ask Beasley whether he ever made the statements attributed to him by McClendon, the trial court properly excluded the evidence as hearsay. See Cal. Evid.Code § 770. We are satisfied that the exclusion of this evidence did not render Cooper's trial fundamentally unfair. See Bueno, 988 F.2d at 87.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3