122 F.3d 1076
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Andrew YOUNG, Petitioner-Appellant,
v.
Peggy KERNAN, Warden, Respondent-Appellee.
 No. 97-15084.
 United States Court of Appeals, Ninth Circuit.
 Submitted August 25, 1997.**
Decided Sept. 5, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-95-04103-FMS; Fern M. Smith, District Judge, Presiding.
 Before: SCHROEDER, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 California state prisoner Andrew Young appeals pro se the district: court's denial of his 28 U.S.C. § 2254 habeas corpus petition challenging his conviction for second degree murder. Young contends that habeas relief should be granted because the prosecutor: (1) made improper comments during closing arguments; (2) improperly elicited testimony regarding inadmissible evidence; and (3) improperly questioned Young during cross-examination. Young also contends that the trial court violated his due process rights by erroneously excluding evidence and that the cumulative effect of the alleged errors deprived him of due process. We have jurisdiction under 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 I. Prosecutorial Misconduct
 
 3
 Federal habeas review of prosecutorial misconduct is limited to the narrow issue of whether the conduct violated due process. Thompson v. Borg, 74 F.3d 1571, 1576 (9th Cir.), cert. denied, 117 S.Ct. 227 (1996). Prosecutorial misconduct violates due process when it "ha[§ a] substantial and injurious effect or influence in determining the jury's verdict." Ortiz-Sandoval v. Gomez, 81 F.3d 891, 899 (9th Cir.1996) (citations omitted). In order to determine whether prosecutorial misconduct occurred, it is necessary to examine the entire proceedings and place the prosecutor's remarks in context. See Greer v. Miller, 483 U.S. 756, 765-66 (1987). If the trial court gives a curative instruction, it is presumed that the jury will follow that instruction and disregard inadmissible evidence inadvertently presented to it. See id. at 766 n. 8.
 
 
 4
 Young contends that during closing argument the prosecutor improperly commented on the law of voluntary manslaughter and appealed to the passion of the jury. We agree with the district court that the prosecutor's comments did not have a substantial and injurious effect upon the jury's verdict. See Ortiz-Sandoval, 81 F.3d at 899. The record shows that the court properly instructed the jury on the law of voluntary manslaughter and that following the prosecutor's improper comments, the trial court sustained defense counsel's objections and instructed the jury that it was to follow the instructions of the court, not those of counsel. Regarding the prosecutor's alleged appeal to the passion of the jury, the trial court admonished the jury that it must not be influenced by pity, passion, prejudice, or public opinion. "Such curative actions are usually presumed to neutralize damage such that any error was harmless." See Turner v. Marshall, 63 F.3d 807, 817 (9th Cir.1995).
 
 
 5
 Young next contends that the prosecutor improperly elicited testimony regarding inadmissible evidence of the type of gun that had been recovered when Young was arrested. We reject Young's contention that this incident had a substantial and injurious effect on the jury's verdict because the court issued a curative instruction by informing the jury that the description of the gun might not be correct, and that the firearm at issue was a legal handgun, not an automatic weapon. See Greer, 483 U.S. at 766 n. 8 (emphasizing the importance of curative instructions). Moreover, the effect of the comment is further diminished by the fact that the witness was a layperson.
 
 
 6
 Finally, Young contends that the prosecutor improperly asked him on cross-examination whether the killing was a "reasonable thing to do under the circumstances." Although the prosecutor's questioning was argumentative, it did not render the trial fundamentally unfair because the jury was given substantial evidence with which it could find Young guilty of second degree murder. See id. at 765-66
 
 II. Die Process
 
 7
 Young contends that the trial court violated his due process rights by excluding his tape recorded police interrogation. Young contends that this evidence was relevant to his state of mind and offered it to corroborate his psychiatrist's, Dr. Noonan, opinion regarding Young's clinical depression. The trial court excluded the tape recording on the ground that it would confuse the issues; however, the court allowed Dr. Noonan to testify as to certain substantive portions of the tape upon which he relied in his diagnosis of Young.
 
 
 8
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." See Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). We agree with the district court that the evidence was of limited probative value, it was cumulative and was potentially confusing to the jury. See Tinsley v. Borg, 895 F.2d 520-530-31 (9th Cir.1990). Young has thus failed to demonstrate that the excluded evidence rendered his trial fundamentally unfair. See id.
 
 III. Cumulative Effect
 
 9
 Finally, Young argues that the cumulative effect of the alleged errors deprived him of a fair trial. Although no single alleged error may warrant habeas corpus relief, the cumulative effect of errors may deprive a petitioner of the due process right to a fair trial. See Ceja v. Stewart, 97 F.3d 1246, 1254 (9th Cir.1996). That is not the case here. Young has not shown the cumulative effect of the alleged errors deprived him of due process. See id.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Young's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3