132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mauro Varela PEREZ, Petitioner-Appellant,
v.
James GOMEZ, Director; Attorney General of the State of
California, Respondents-Appellees.
 No. 96-56526.
 United States Court of Appeals, Ninth Circuit.
 Submitted December 15, 1997.**
Decided Dec. 18, 1997.
 
 Appeal from the United States District Court for the Central District of California Dickran M. Tevrizian, District Judge, Presiding
 Before: SNEED, LEAVY and TROTT, Circuit Judge.
 
 
 1
 MEMORANDUM*
 
 
 2
 Mauro Varela Perez, a California state prisoner, appeals the district court's dismissal of his 28 U.S.C. § 2254 petition after his jury trial for second degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and we affirm.
 
 I. Jury Instructions
 
 3
 Perez contends that the trial court violated due process by instructing the jury on implied malice when the prosecution did not present any evidence or a theory of implied malice. This contention lacks merit because the jury instructions did not infect the entire trial.
 
 
 4
 Under California law, a second degree murder conviction may be based upon implied malice. See Cal.Penal Code §§ 188, 189. The jury was instructed that malice is implied when 1) the killing resulted from an intentional act, 2) the natural consequences of the act are dangerous to life, or 3) the act was deliberately performed with the knowledge of the danger to, and with the conscious disregard for, human life. The prosecution introduced evidence from which the jury could infer that Perez shot the victim, Julio Leonaris, with a conscious disregard for human life. Also, the prosecution argued that Perez's actions demonstrated implied malice. Accordingly, the trial court did not err by providing the jury with the implied malice jury instruction. See Van Pilon v. Reed, 799 F.2d 1332, 1342 (9th Cir.1986) (stating that to prove a due process violation based on jury instruction, a habeas petitioner must demonstrate that the instruction by itself infected the entire trial).
 
 
 5
 Perez also contends that the jury instruction violated due process because it shifted the burden of persuasion on the "malice" element of murder. This contention lacks merit because the jury instructions created a permissive inference and did not create a mandatory presumption. See Sandstrom v. Montana, 442 U.S. 510, 523-24 (1979). The instruction allowed, but did not require the jury to find implied malice after finding that Perez shot Leonaris with a conscious disregard for human life. This type of permissive instruction did not violate due process. See id.
 
 
 6
 Perez contends that the trial court failed to issue an express instruction that involuntary manslaughter is a general intent crime and this violated due process. This contention lacks merit because the instruction did not infect Perez's trial nor render it fundamentally unfair. See Van Pilon, 799 F.2d at 1342. The trial court instructed the jury that to prove involuntary manslaughter, a human being must be killed and the killing must be unlawful. Although there was no express instruction, the instruction as a whole adequately conveyed that the specific intent required for other types of murder was not required for involuntary manslaughter. Thus, even though the jury instruction did not expressly provide that involuntary manslaughter is a general intent crime, it did not violate due process. See id.
 
 II. Ineffective Assistance of Counsel
 
 7
 Perez contends he was denied effective assistance of appellate counsel because his attorney failed to raise the issue that the trial court violated due process by instructing the jury on implied malice. This contention lacks merit because the jury instruction on implied malice was proper. See Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989).
 
 
 8
 Perez also contends he was denied effective assistance of appellate counsel because his attorney failed to challenge Perez's Miranda waiver. This contention lacks merit because a Miranda waiver challenge would most likely have failed on appeal. See Miller, 882 F.2d at 1434 ("the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy"). Perez asserts that statements he made to the police were not given knowingly and voluntarily because he was intoxicated when he made them. After a hearing outside of the presence of the jury the trial court determined that the government demonstrated by a preponderance of the evidence that Perez was advised of and understood his rights. Perez's counsel recognized that the success of this challenge was unlikely because a review of the record indicated that Perez understood the Miranda warnings. See Lego v. Twomey 104 U.S. 477, 489 (1972) (explaining the standard of determining voluntariness of waiver is preponderance of the evidence); see also People v. Hendricks, 737 P.2d 1350, 1354 (Cal.1987).
 
 III. Exclusion of Evidence
 
 9
 Perez's final contention is that the trial court violated his due process rights by refusing to allow the defense to present evidence that Leonaris had a prior felony conviction for selling cocaine. This contention lacks merit.
 
 
 10
 "A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993). To evaluate whether the exclusion of evidence reaches constitutional proportions, this court considers five factors: "(1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990).
 
 
 11
 Perez testified that he shot Leonaris because he was afraid of him and Leonaris had previously beaten and threatened Perez. The excluded evidence was not probative of Perez's alleged fear of Leonaris. Leonaris's prior conviction for selling cocaine does not corroborate Perez's testimony that he was afraid of him nor does it establish that the conviction affected Perez's attitude toward Leonaris. Moreover, the excluded evidence would have been cumulative, The testimony at trial revealed that Leonaris had previously sold cocaine to Perez and that cocaine packaged for sale was found in Leonaris's pockets after his death. Accordingly, the exclusion of Leonaris's conviction for selling cocaine did not violate due process. See id.
 
 
 12
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3