133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodney Fred STARK, Petitioner-Appellant,
v.
J.M. RATELLE, Warden, Respondent-Appellee.
 No. 96-55455.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 15, 1997.**
Decided Dec. 19, 1997.
 
 Before SNEED, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Rodney Fred Stark, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his conviction for lewd and lascivious acts and oral copulation with a child. We have jurisdiction pursuant to 28 E.S.C. § 2253. We review de novo a district court's denial of a 28 U.S.C. § 2254 petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), and we affirm.
 
 A. Exclusion of Bias Evidence
 
 3
 Stark contends that the trial court erred by excluding evidence of the victim's motivation to fabricate the offenses. This contention lacks merit because the exclusion of this evidence did not render Stark's trial fundamentally unfair. See Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).
 
 
 4
 Stark attempted to proffer evidence that the victim and a homosexual partner conspired to fabricate the allegations against Stark. This proffered evidence failed to support Stark's theory of the case and thus lacked probative value. See Tinsley v. Borg, 895 E.2d 520, 530 (9th Cir.1990) (explaining that the probative value of the excluded evidence on the central issue is one factor for consideration). Because Stark's bias theory was unsupported by any facts or evidence, it was properly limited by the trial court. See McGuire, 502 U.S. at 67-68.
 
 
 5
 Stark contends that the trial court denied him his Sixth Amendment right to confrontation by precluding him from cross-examining the victim about the conspiracy and the alleged homosexual relationship.
 
 
 6
 A trial judge retains wide latitude in limiting the scope of an inquiry into bias and refusing to admit speculative evidence. See Delaware v. Van Arsdale, 475 U.S. 673, 674 (1986); Wood v. Alaska, 957 F.2d 1544, 1549 (9th Cir1992).
 
 
 7
 Here, the evidence was only marginally relevant. See Wood, 957 F.2d at 1549-50. Because there was no proof of the relationship or the conspiracy, the evidence was only relevant to impeach the victim's credibility See id.; see also Evans v. Lewis, 855 F.2d 631, 633-34 (9th Cir.1988) (holding that trial court does not abuse its discretion by limiting character evidence when jury has had sufficient information to assess it). Stark was afforded a more than adequate opportunity to impeach the victim's credibility. See id. Accordingly, the trial court acted within its discretion when it limited Stark's cross-examination. See id.
 
 B. Exclusion of Expert Testimony
 
 8
 Stark contends that the trial court abused its discretion by excluding expert testimony.
 
 
 9
 Because Stark's expert had performed no psychological tests on Stark and had no profile of a pedophile, the trial court found that Stark's proffered expert testimony lacked scientific foundation and reliability. The trial court concluded that the proffered expert testimony was merely an assessment of Stark's credibility based on one out-of-court interview and thus lacked "an expertise and an insight that woald be of help to the jury." We accord this finding a presumption of correctness. See 28 U.S.C. § 2254(d) (1995); Burden v. Zant, 111 S.Ct. 862, 864 (1991). The trial court acted within its discretion in determining whether the testimony was probative or helpful to the jury. Thus, there was no due process violation. See Tinsley, 895 F.2d at 530.
 
 C. Fifth Amendment Violation
 
 10
 Stark contends that the triai court erred by allowing the prosecution to use Stark's assertion to remain silent as impeachment evidence. This contention lacks merit.
 
 
 11
 On direct examination, Stark denied having committed any offense against Clayton. The prosecutor then impeached Stark's denial with evidence that, during the post-arrest interview, Stark had equivocated and failed to deny the charges. Because the prosecutor merely inquired into Stark's prior inconsistent statements, there was no due process violation. See Anderson v. Charles, 447 U.S. 404, 408 (1980) (per curiam) (holding that prohibition of impeachment based on post-arrest silence does not apply to cross-examination that merely inquires into prior inconsistent statements).
 
 D. Bias of a Juror
 
 12
 Stark contends that he was denied a fair trial because the court failed to excuse a biased jurcr.
 
 
 13
 After examination of the juror in chambers, the judge allowed her to remain, concluding that she was not biased and could remain impartial. This finding is supported by the trial transcript and is entitled to a presumption of ccrrectness. See Wainwright v. Witt, 469 U.S. 412, 428 (1985) (applying presumption of correctness to trial court's finding that a particular juror is not biased); 28 U.S.C. § 2254(d) (1995). Thus, the constitutional standard of fairness was met. See Witt, 469 U.S. at 428.[1]
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, Stark's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Stark's habeas petition was filed before the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("Act"), we do not apply the Act to this appeal. See Lindh v. Murphy, 117 S.Ct. 2059, 2068 (1997)