125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Noel Magno ORTALEZA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-71019.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Agc-uff-ooz.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Noel Magno Ortaleza, a native and citizen of the Philippines, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision denying his application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a). We review for substantial evidence, see Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995), and we deny the petition for review.
 
 
 3
 The BIA's determination that Ortaleza failed to establish past persecution or a well-founded fear of future persecution in the Philippines on account of his political opinion was supported by reasonable, substantial, and probative evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992); Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (requiring applicant to establish that he has been a victim of persecution, that he holds a political opinion known to or imputed by the persecutors, and that the persecution was or will be on account of the opinion). Because Ortaleza failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard required for withholding of deportation. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir.1995).[1]
 
 
 4
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Ortaleza raises an extreme hardship claim in his appeal, we do not consider it because he has not exhausted his administrative remedies. See Tejeda-Mata v. INS, 626 F.2d 721, 726 (9th Cir.1980)