125 F.3d 858
 David W. McCOY, Petitioner-Appellant,
v.
George C. SMITH, Respondent-Appellee.
 No. 97-15624.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-96-01868-TEH; Thelton E. Henderson, Chief Judge, Presiding.
 Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David W. McCoy, a California state prisoner, appeals pro se the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
 
 
 3
 We review de novo a district court's decision to grant or deny habeas corpus relief. See Woratzeck v. Stewart, 97 F.3d 329, 332 (9th Cir.1996), cert. denied, 117 S.Ct. 1443 (1997).
 
 
 4
 McCoy contends that there was insufficient evidence to establish robbery and the special circumstance that murder was committed during the commission of a robbery. This contention lacks merit.
 
 
 5
 A conviction is supported by substantial evidence if, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (citation omitted). Robbery is defined in California as the "felonious taking of personal property in the possession of another, from his person or immediate presence ... by means of force or fear." Turner v. Marshall, 63 F.3d 807, 816 (9th Cir.1995) (citing Cal.Penal Code § 211). The special circumstance finding requires a showing that murder was committed during the commission of a robbery and that the robbery was not "merely incidental" to the murder. See id. at 816 n. 5 (citing California cases).
 
 
 6
 Here, the victim's body was found in her apartment approximately two days after she had been shot five times. McCoy had been with the victim in her apartment immediately preceding the estimated time of death. Additionally, the victim's car was missing from the apartment parking lot and was later found outside of McCoy's residence. Further, the police found a gun which was possibly the murder weapon in the car. Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to support the finding that McCoy committed robbery and that he committed the murder during the commission of the robbery. See Turner, 63 F.3d at 816-17. Although intent to steal is an element of robbery, the jury could infer intent from evidence that the victim's car was taken. See id. at 816 (stating that evidence that defendant was present at scene, victim was murdered, and property was taken allowed the jury to infer that the killing was done for purposes of robbery).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3