125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NOrman Lee NEILSON, Petitioner-Appellant,
v.
Judge John QUINLEN; Mojave Municipal Court; E. Rose,
Respondents-Appellees.
 No. 97-15317.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1997.**
Decided Sept. 26, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, No. CV-95-05036-OWW; Oliver W. Wanger, District Judge, Presiding.
 Before: HALL, BRUNETTI and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Norman Lee Neilson, a former California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 petition challenging his conviction for unlawful use, occupation, storage or placement of property in violation of county zoning ordinances. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, see Calderon v. Prunty, 59 F.3d 1005, 1008 (9th Cir.1995), and we affirm.
 
 
 3
 Neilson contends that Kern County Ordinance section 19.14.040 is unconstitutionally vague and overbroad. We disagree.
 
 
 4
 Kern County Ordinance section 19.14.040 provides that only the uses for property expressly set forth in sections 19.14.020 and 19.14.030 are permitted in a limited agriculture district. See Kern County, Cal., Zoning Ordinance §§ 19.14.020, 14.030, 14.040 (Dec. 22, 1970). Except for the permitted uses referenced in sections 19.14.020 and 19.14.030, section 19.14.040 prohibits all other uses. Thus, an ordinary person can understand which uses are permitted and which are prohibited. See Kolender v. Lawson, 461 U.S. 352, 357 (1983) (stating that a penal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement"). Furthermore, the ordinance does not prohibit constitutionally protected conduct, and is therefore not overbroad. See Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 494 (1982) (stating that an overbreadth challenge fails unless the law reaches a substantial amount of constitutionally protected conduct).
 
 
 5
 Neilson next contends that the county ordinances were unconstitutionally applied to him and his due process rights were violated because he was not allowed to introduce other ordinance sections that would have established an affirmative defense. These contentions lack merit.
 
 
 6
 "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Bueno v. Hallahan, 988 F.2d 86, 87 (9th Cir.1993) (per curiam) ("state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process.").
 
 
 7
 Here, Neilson failed to make an offer of proof or request judicial notice of any relevant section of the Kern County Ordinance Code. In addition, Neilson failed to offer any evidence that he had applied for any type of permit or approval that would have allowed him to use his property under other ordinances. Further, the trial court properly instructed the jury as to all relevant ordinance sections. Thus, the state court proceeding was not so fundamentally unfair as to violate Neilson's due process rights.[1] See Bueno, 988 F.2d at 87.
 
 
 8
 Accordingly, the district court did not err by denying Neilson's § 2254 petition. See Calderon, 59 F.3d at 1008.
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent that Neilson contends he was charged with violating the county ordinances because of his political activities, we decline to address this issue because Neilson fails to set forth any factual or legal basis for the argument