125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert A. LAYFIELD, Plaintiff-Appellant,
v.
TPLC, A Delaware corporation doing business in Oregon as
Telectronics Pacing Systems, Defendant-Appellee.
 No. 96-35894.
 United States Court of Appeals, Ninth Circuit.
 Oct. 1, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CV-94-01273-MFM; Malcolm F. Marsh, District Judge, Presiding.
 Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Robert A. Layfield ("Layfield") appeals from the district court's order granting summary judgment in favor of defendant TPLC, Inc. ("TPLC"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the record presents a genuine issue of material fact, thereby precluding summary judgment. Accordingly, the district court's order is reversed and the case is remanded for a trial on the merits.
 
 A. Layfield's Burden
 
 3
 Implicit in the contract between Layfield and TPLC is a covenant of good faith and fair dealing, which imposes on TPLC a duty not to "intentionally and purposely do anything to prevent [Layfield] from carrying out the agreement on his part." Patterson v. Meyerhofer, 97 N.E. 472, 473 (N.Y.1912); accord, Wieder v. Skala, 609 N.E.2d 105, 109 (N.Y.1992); Kirke La Shelle Co. v. Paul Armstrong Co., 188 N.E. 163, 167 (N.Y.1933).
 
 
 4
 This covenant of good faith and fair dealing applies to the exercise of TPLC's express contractual discretion. See Doubleday & Co., Inc. v. Curtis, 763 F.2d 495, 500 (2d Cir.1985) ("[W]here the satisfactory performance of one party is to be judged by another party[,] New York courts have required the party terminating the contract to act in good faith."); Zilg v. Prentice-Hall, Inc., 717 F.2d 671, 680 (2d Cir.1983) (holding that a contract clause leaving marketing and promotional decisions to the discretion of book publisher implied a minimal duty to make basic promotional efforts, with decisions on further promotions to be made according to a good faith business judgment standard). Thus, Layfield must show that TPLC exercised its discretion, pursuant to a bad faith motive, in a manner outside of the reasonable expectations of the parties at the time they entered into the contract, leading to Layfield's inability to meet his quotas and subsequent termination of the agreement.
 
 B. Genuine Issues of Material Fact
 
 5
 Ambiguity and disagreement exist concerning whether the technical support engineer was instructed not to work with Layfield. Layfield offers the engineer's own admission that she told Layfield she was instructed by TPLC's regional sales director not to work with him. Viewing this evidence in the light most favorable to Layfield, it represents tangible third-party testimony from which a reasonable juror could conclude that TPLC's actions under the contract were undertaken in bad faith. The testimony adds context and lends credibility to Layfield's otherwise bare assertions. If truthful, it would help to illuminate the underlying motivation behind TPLC's alleged bad-faith pricing, inventory, and sales support decisions--decisions which Layfield contends adversely affected his ability to meet his sales quotas and are thereby material. In this sense the evidence is material to Layfield's required showing.
 
 
 6
 Layfield need not show that he was contractually entitled to technical support or that he ever even requested technical support. Neither must he show he was denied technical support, that other sales representatives received more technical support, or that a lack of technical support cost him substantial sales. What he must show are bad faith efforts by TPLC which prevented him from meeting his quota. The factual assertions in his declarations in opposition to summary judgment regarding pricing, inventory, and sales support, combined with the testimony of the technical support engineer, constitute sufficient evidence for a reasonable juror to find for Layfield, thereby rendering summary judgment inappropriate. Accordingly, the district court's order is REVERSED, and the case is REMANDED to the district court for a full trial on the merits.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3