125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pamela K. LANE, Plaintiff-Appellant,
and
Russell LANE, Estate of Pamela Lane as Personal
Representative, Plaintiff-Intervenor,
v.
JC PENNEY LIFE INSURANCE COMPANY, a Vermont corporation,
Defendant-Appellee.
 No. 96-35421.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted September 9, 1997.
Decided Oct. 1, 1997.
 
 Appeal from the United States District Court for the District of Oregon, James A. Redden, District Judge, Presiding; No. CV-92-00205-JAR.
 Before: CANBY, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Pamela Lane ("Lane") appeals the judgment for J.C. Penney Life Insurance Company ("Penney") following the jury's verdict in favor of Penney on Lane's action to collect benefits under an accidental injury insurance policy issued by Penney to Russell Lane. We have jurisdiction under 28 U.S.C. § 1291. We affirm.
 
 A. Penney's Alleged Admission
 
 3
 Lane's argument that Penney should have been held to its pre-reformation admission that causation is irrelevant to coverage under the policy is without merit. That admission was made under the terms of the original insurance policy, in which causation was irrelevant, and which we reformed in Lane's previous appeal to add a causation requirement to the intoxication exclusion. Penney's pre-reformation admission has no bearing on the policy as reformed by this court.
 
 B. The Kansas Coroner's Statute
 
 4
 Lane misinterprets Kan. Stat. Ann. § 22a-237 to grant exclusive jurisdiction to the district coroner to draw blood from a deceased person for testing alcohol content. The plain language of the statute, however, merely defines the affirmative duties of the state coroner, including the coroner's duty to withdraw blood from a deceased accident victim for the purpose of determining alcohol concentration. The statute does not restrict others, including the local sheriff's department or the hospital, from drawing blood and testing the alcohol concentration.
 
 C. Chain of Custody
 
 5
 Lane's argument that the chain of custody for the blood samples was irretrievably broken by the hospital's destruction of its records overlooks the testimony of Dr. William Brady, who testified to the timing of the blood samples and the results of the tests for alcohol concentration. Besides, "a defect in the chain of custody goes to the weight, not the admissibility, of the evidence introduced." United States v. Matta-Ballesteros, 71 F.3d 754, 769 (9th Cir.1995), cert, denied, 117 S.Ct. 965 (1997). The district court did not commit error in refusing to exclude the blood evidence.
 
 
 6
 D. Jury Instruction on Russell Lane's .214% B.A.C.
 
 
 7
 Lane argues that it was improper for the district court to instruct the jury that Russell Lane's blood-alcohol content ("B.A.C.") at the time his blood was drawn was at least .214%, and that he was therefore intoxicated at the time his blood was drawn. That instruction was based on the magistrate's earlier factual findings. Lane objected to those findings in her first appeal to this court, but we rejected her argument that the findings were improperly based on inadmissible evidence. This issue thus became the law of the case because it was "decided explicitly or by necessary implication in [the] previous disposition." Disimone v. Browner, No. 96-70974, 1997 WL 426212, at * 3 (9th Cir. July 31, 1997). The district court did not improperly instruct the jury that Russell's B.A.C. was at least .214% at the time blood was drawn.
 
 
 8
 The district court also did not improperly instruct the jury that Russell was intoxicated at the time the blood was drawn. Lane incorrectly argues that this instruction removed from the jury's consideration the issue of Russell's intoxication at the time of the accident. The district court made a careful distinction between instructing the jury that Russell was intoxicated at the time blood was drawn and Penney's burden to prove that Russell was intoxicated at the time of the accident.
 
 
 9
 Finally, Lane objects to the district court's instruction on the definition of intoxication. Kansas law, which both parties agree applies to this issue, contains the following definition:
 
 
 10
 "[I]ntoxicated individual" means an individual whose mental or physical functioning is substantially impaired as a result of the use of alcohol.
 
 
 11
 K.S.A. 65-4003(10). The district court instructed the jury as follows:
 
 
 12
 An intoxicated individual is one whose mental or physical functioning is substantially impaired as a result of the use of alcohol.
 
 They sound the same to us.[1]
 E. Jury Instruction on Proximate Cause
 
 13
 The district court, following Illinois law as provided by the terms of the insurance policy, used the long version of the Illinois model jury instruction on proximate cause:
 
 15.01 Proximate Cause--Definition:
 
 14
 When I use the expression "proximate cause," I mean [that] [a][any] cause which, in natural or probable sequence, produced the injury complained of. [It need not be the only cause, nor the last or nearest cause. It is sufficient if it concurs with some other cause acting at the same time, which in combination with it, causes the injury.]
 
 
 15
 Lane argues that the district court should not have read the bracketed portion of the instruction because there was no evidence that any other person contributed to the accident besides Russell Lane. The comments to the Illinois model instruction state, however, that "[a]n instruction encompassing the bracketed material is proper where there is evidence that something or the acts of someone other than the negligence of the defendant. was a proximate cause of the injury or death." (Emphasis added.) Lane's theory at trial was that the accident was caused by something other than Russell's intoxication, such as driver error, sand on the road, mechanical failure, or an obstruction in the road. Therefore, the district court correctly delivered the long version of the Illinois model instruction for proximate cause.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Lane also argues that the district court's instructions on intoxication transformed the case into one where coverage was excluded on the basis of Russell's intoxicated "status" rather than on causation. This argument has no merit. The district court carefully instructed the jury that Penney had the burden to prove "that intoxication was a proximate cause of the accident" and the jury returned a special verdict containing precisely that finding