125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CORPORACION MEXICANA DE IMPORTACIONES, S.A. DE C.V., a
Mexican corporation; Daniel A. Gonzalez Paredes;
Daniel A. Gonzalez Valle;
Plaintiffs-counter-defendants-Appellees,
v.
CYRUS BUSINESS FURNITURE, INC., a California corporation,
Defendant-counter-claimant-Appellant,
and
Daryoush MIRABDOLBASHI, a/k/a Dary Mir, Defendant.
CORPORACION MEXICANA DE SERVICIOS MARITIMOS, S.A. DE C.V., a
Mexican corporation, Plaintiff-counter-defendant-Appellant,
v.
Daryoush MIRABDOLBASHI, a/k/a, Dary Mir; Defendant-Appellee,
CYRUS BUSINESS FURNITURE, INC., Defendant-counter-claimant-Appellee,
S.A. DE C.V.; Daniel A. Paredes; Daniel A. Gonzalez Valle,
Counter-defendants-Appellees.
 Nos. 96-55221, 96-55273.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 9, 1997, Pasadena, California
Decided Oct. 2, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California Edward Rafeedie, District Judge, Presiding
 
 
 2
 Before PREGERSON and HAWKINS, Circuit Judges, and WEINER,** District Judge.
 
 
 3
 ORDER*
 
 
 4
 Cyrus Business Furniture ("Cyrus") asks this Court to review a determination following a bench trial that its retraction of its repudiations of a contract was inadequate. Cyrus did not request the district court to make additional findings of fact or conclusions of law after the district court offered to do so at the conclusion of the bench trial. The record supports the district court's determination that the retraction was, under all the facts and circumstances, inadequate. We therefore affirm the judgment against Cyrus.
 
 
 5
 The district court properly concluded that Corporacion Mexicana de Importaciones ("CMI") was entitled to "benefit of the bargain" damages due to Cyrus' breach of the parties' exclusive distributorship contract. R.B. Mathews v. Transamerica Transp. Servs., 945 F.2d 269, 275 (9th Cir.1991) (citing Cal. Com.Code §§ 2711(1)(b), 2713(1), 2715(2)(a)). Additionally, the district court's determination of the measure and amount of damages was unrebutted at trial and is supported in the record.
 
 
 6
 Similarly, we reject CMI's challenge to the district court's determination that Cyrus' intentional or negligent interference with CMI's contractual relationships did not further damage CMI.
 
 
 7
 The judgments of the district court in both No. 96-55221 and 96-55273 are AFFIRMED.
 
 
 
 **
 Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3