125 F.3d 858
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darla LARSON, Plaintiff-Appellant,
v.
George R. BERUMEN, husband, Susan E. Berumen, wife; Gila
County, a public entity; Gila County Board of
Supervisors; Defendants-Appellees.
 No. 95-15226.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 14, 1996 San Francisco, California
Submission Vacated Aug. 6, 1996.
Resubmitted Sept. 25, 1997.
Decided Oct. 2, 1997.
As Amended Oct. 27, 1997
 
 Appeal from the United States District Court for the District of Arizona Roger G. Strand, District Judge, Presiding
 Before SCHROEDER and HAWKINS, Circuit Judges, and FITZGERALD,** District Judge.
 MEMORANDUM*
 This action arose out of an alleged sexual assault by a Gila County sheriff's deputy against plaintiff, Darla Larson, who had summoned that office for assistance. She sued both the deputy and the county under 42 U.S.C. § 1983 and Arizona tort law. This is an appeal from an order of summary judgment in favor of the County defendants and certified under Rule 54(b). The sole issue is whether, under Arizona law, the County may be liable under principles of respondeat superior for the tort of the deputy.
 Because of the lack of Arizona authority, we withheld submission pending the Arizona Supreme Court's decision in State v. Schallock, 914 P.2d 1306 (Ariz.App.1995), review granted in Part, denied in part, 941 P.2d 1275 (Ariz.1997). That decision was filed July 17, 1997. State v. Schallock, 941 P.2d 1275 (Ariz.1997), No. 91-17871, 1997 WL 398866 (Ariz. Jul. 17, 1997). We asked for supplemental briefs from the parties and now order the case resubmitted.
 In Schallock, the Arizona Supreme Court considered, inter alia, whether a state agency was liable on respondeat superior grounds for the intentional sexual harassment by a supervisor of an employee. In holding that the state could be liable, the court cited with approval our court's decision in Nichols v. Frank, 42 F.3d 503, 514 (9th Cir.1994) where we held that use of the actual or apparent authority of a position conferred by an employer gives rise to employer liability. Schallock and Nichols rely on Restatement, Second Agency, § 219(2)(d), providing for liability where an employee "was aided in accomplishing the tort by the existence of the agency relation." That is certainly alleged to have occurred here.
 In addition to finding respondeat superior liability grounded in an employee's use of the employer's authority to assist in the tort, the court in Schallock also cited with approval cases holding sexual assaults occurring for personal reasons, but incidental to the employee's legitimate work on behalf of the employer gave rise to employer liability. Schallock, 1997 WL 39866 at * 5, see Doe v. Samaritan Counseling Center, 791 P.2d 344, 347-48 (S.Ct.Alaska 1990) (employer liability for improper sexual relationship initiated by pastoral counselor during therapy sessions); Samuels v. Southern Baptist Hospital, 594 So.2d 571, 573-74 (La.App.1992) (liability for rape of patient by nursing assistant).
 The county endeavors to distinguish Schallock on the ground that it was a hostile work environment case in which the offending supervisor's conduct was or should have been known to his own superiors. The County contends that Smith v. American Empress Travel Services, 876 P.2d 1166 (Ariz.1994) on which the district court relied remains controlling. We conclude that Smith has now been narrowly construed to apply only to the hostile work environment context, in which this case does not fit. The respondeat superior analysis in Schallock, and its application to governmental entities, compel reversal of the summary judgment in this case and remand for further proceedings.
 REVERSED AND REMANDED.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3