**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ANTHONY (TONY) GASTON,
    *Petitioner-Appellant,*

v.

ANNA RAMIREZ PALMER,
    *Respondent-Appellee.*

No. 01-56367

D.C. No.
CV-00-06612-
NM(Mc)

O R D E R
GRANTING
PETITION FOR
REHEARING AND
AMENDING
OPINION

Filed May 8, 2006

Before: Andrew J. Kleinfeld, Kim McLane Wardlaw, and
William A. Fletcher, Circuit Judges.

## COUNSEL

Gerson Simon, Los Angeles, California, for the petitioner-appellant.

Anthony (Tony) Gaston, California Medical Facility, Vacaville, California, for the petitioner-appellant.

Kyle Brodie, Michelle J. Pirozzi, AGCA — Office of the California Attorney General, Los Angeles, California, for the respondent-appellee.

## **ORDER**

In light of the Supreme Court's opinion in *Evans v. Chavis*, 126 S. Ct. 846 (2006), we grant the petition for panel rehearing.

In *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005), we held that habeas petitioner Anthony Gaston had timely filed in federal district court. In so holding, we concluded that he was entitled to "gap" or "interval" tolling for the periods between his applications for habeas corpus in state court, and that he therefore filed within the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA") (2000). 28 U.S.C. § 2244(d)(1). The gaps between Gaston's relevant filings in state court were as follows:

(1)   Gaston's first application for habeas corpus was filed in the California Court of Appeal. That application was denied on February 27, 1996. AEDPA's effective date is April 24, 1996. Absent some kind of tolling, the one-year statute of limitations began running on that date. Gaston's second application was filed in Superior Court on June 9, 1997. The gap between the denial of his first application and the filing of his second was about 15 months.

(2)   Gaston's second application was denied by the Superior Court on July 17, 1997. Gaston then filed a third application for habeas corpus in the California Supreme Court raising unrelated state-law claims; because this application was unrelated to his applications raising federal claims, we disregard it for purposes of tolling under AEDPA. Gaston's fourth application was filed in Superior Court on January 22, 1999. The gap between the denial of his second application and the filing of his fourth was about 18 months.

(3)   Gaston's fourth application was denied by the Superior Court on the same day it was filed, January 22, 1999. His

fifth application was filed in the Court of Appeal on February 8, 1999. The gap between the denial of his fourth application and the filing of his fifth was a little over two weeks.

(4) Gaston's fifth application was denied by the Court of Appeal on April 27, 1999. His sixth application was filed in the California Supreme Court on February 28, 2000. The gap between the denial of his fifth application and the filing of his sixth was about 10 months.

The California Supreme Court denied Gaston's sixth application on June 2, 2000, and he filed his federal petition for habeas corpus on June 20, 2000.

The Supreme Court in *Chavis* held that, absent a clear indication to the contrary by the California legislature or a California court, an unexplained and unjustified gap between filings of six months was "unreasonable":

> Six months is far longer than the "short period[s] of time," 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay "reasonable." Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word "pending" as interpreted in *Saffold*.

*Chavis*, 126 S. Ct. at 854 (alteration in original) (citations omitted).

In our earlier opinion in this case, we held that Gaston's asserted disabilities, as well as his claimed lack of access to legal materials, did not justify equitable tolling or constitute

an "impediment" to filing under 28 U.S.C. § 2244(d)(1)(B). *Gaston*, 417 F.3d at 1034-36. Given the length of the delays between Gaston's filings in the California state courts, given the lack of a clear statement by the California legislature or the California courts that Gaston's delays are "reasonable," and given the lack of explanation or justification for the delays, we now hold that Gaston is not entitled to "gap" tolling for the delays described above of 15 months, 18 months, and 10 months. It is unnecessary for us to decide whether Gaston's second, fourth, and sixth applications in state court were improperly filed within the meaning of *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

We therefore GRANT the petition for panel rehearing and revise, in the manner just indicated, our opinion in *Gaston v. Palmer*, 417 F.3d 1030 (9th Cir. 2005). As a result of this revision, we AFFIRM the decision of the district court dismissing Gaston's federal petition for habeas corpus as not timely filed.

It is so ordered.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.