Steven Allen **BUTLER**, Petitioner—
Appellant,

v.

Derral G. **ADAMS**, Warden,
Respondent—Appellee.

No. 05–15794.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2006.*

Decided June 19, 2006.

Steven Allen Butler, Corcoran, CA, pro
se.

Mary J. Graves, Office of the California
Attorney General, Sacramento, CA, Grego-
ry A. Ott, Esq., Office of the California
Attorney General, San Francisco, CA, for
Respondent—Appellee.

Before: KLEINFELD, PAEZ, and
BERZON, Circuit Judges.

MEMORANDUM **

California state prisoner Steven Allen
Butler appeals pro se from the district
court's order denying his 28 U.S.C. § 2254
habeas petition, which challenges his 1998
conviction and sentence for lewd and las-
civious conduct with a minor. We have
jurisdiction pursuant to 28 U.S.C. § 2253,
and we affirm.

Butler contends that the district
court erred in dismissing his petition as
untimely. Specifically, he contends that he
is entitled to statutory tolling from the
filing of his first state post-conviction peti-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

tion in 2000 until the denial of his last post-conviction petition in 2003. The Anti–Terrorism and Effective Death Penalty Act provides for "statutory tolling" of its one-year statute of limitations while a "properly filed" petition for state post-conviction collateral review is "pending." 28 U.S.C. § 2244(d)(2). Here, the limitations period ran for 10 months before Butler filed his first state post-conviction petition on February 29, 2000. Even if we assume that the limitations period was tolled for the entirety of time from the filing of Butler's first post-conviction petition until the California Supreme Court rejected his last state petition, Butler's federal petition would still be untimely, because he did not file it until 5 months later. *See id.; see also Gaston v. Palmer*, 447 F.3d 1165, 1166 (9th Cir.2006) (finding intervals of 10, 15, and 18 months unreasonable and concluding that interval tolling did not make petition timely).

■ Butler also contends that he is entitled to equitable tolling. Because there were no extraordinary circumstances beyond Butler's control that made it impossible to file his petition on time, his petition is not saved by equitable tolling. *See Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir.2002).

Finally, Butler seeks to expand the certificate of appealability ("COA"). We decline to expand the COA because Butler fails to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

**AFFIRMED.**