**Alex Jose ESQUIVEL, Petitioner—Appellant,**

v.

**D.L. RUNNELS, Warden, Respondent—Appellee.**

No. 05–55639.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed July 26, 2006.

Margo A. Rocconi, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Taylor Nguyen, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

California state prisoner Alex Jose Esquivel appeals from the district court's judgment denying his habeas petition under 28 U.S.C. § 2254 as untimely. The only issue we have to decide in this appeal is whether Esquivel is entitled to equitable tolling of the statute of limitations. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo, Laws v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Lamarque,* 351 F.3d 919, 922 (9th Cir. 2003), and we affirm.

Esquivel contends that periods of lockdown within the prison and his alleged cognitive impairments or lack of legal knowledge constitute "extraordinary circumstances" that should justify equitable tolling. Yet Esquivel has not demonstrated how any of these conditions caused him to file an untimely habeas petition. *See Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir.2005) (requiring a "causal connection" between the alleged extraordinary circumstances and the failure to file a timely petition), *modified on other grounds by* 447 F.3d 1165 (9th Cir.2006). Esquivel conceded that even during periods of lockdown, he still had access to the prison law library at least once a month. Furthermore, Esquivel's *pro se* filings in the district court, both before and after he filed his habeas petition, belie his assertions that either his alleged cognitive impairments or his lack of legal knowledge prevented him from filing his habeas petition on time. *See* 417 F.3d at 1034–35. In any event, "a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir.2006).

Esquivel contends for the first time on appeal that the district court should have held an evidentiary hearing to investigate his claims of equitable tolling. A remand for an evidentiary hearing is appropriate only where the petitioner has pointed to facts that might give rise to equitable tolling. *See Whalem/Hunt v. Early,* 233 F.3d 1146, 1148 (9th Cir.2000) (en banc) (per curiam). Here, Esquivel has not alerted

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

us to any such facts, and so we must deny his request for an evidentiary hearing.

**AFFIRMED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.