**Alfred L. BROOKS, Petitioner–Appellant,**

v.

**Arthur CALDERON, Warden, Respondent–Appellee.**

**No. 06–15183.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006.*

Filed Dec. 13, 2006.

Alfred L. Brooks, Coalinga, CA, pro se.

Marcia A. Fay, Esq., Brian Means Fax, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, RYMER, and FISHER, Circuit Judges.

MEMORANDUM **

California state prisoner Alfred L. Brooks appeals pro se from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Brooks contends that the district court erred in dismissing his petition as untimely. Specifically, Brooks contends that his alleged cognitive impairments and confiscation of his legal property in 1994 entitle

---

him to equitable tolling. The record does not suggest that Brooks' alleged cognitive impairments caused an inability to file a timely habeas petition in federal court. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Gaston v. Palmer,* 417 F.3d 1030, 1034 (9th Cir.2005), *modified on other grounds by* 447 F.3d 1165 (9th Cir.2006). Indeed, the fact that Brooks was able to file pro se a 42 U.S.C. § 1983 action in district court in 1997, and an appeal in this court in 1998, belies his contention that any cognitive impairment prevented him from filing his § 2254 petition on time. *See Gaston,* 417 F.3d at 1034. With respect to the effect of the alleged confiscation of his legal property, this issue was actually litigated and decided adversely to Brooks as part of his § 1983 action. He is thus collaterally estopped from raising it in the present action. *See Clark v. Bear Stearns & Co. Inc.,* 966 F.2d 1318, 1320 (9th Cir.1992). To the extent that this issue is not precluded, Brooks has failed to demonstrate the requisite diligence to justify equitable tolling. *See Pace,* 544 U.S. at 418–19, 125 S.Ct. 1807.

Brooks contends that his "abridgement of the plea agreement" claim is not barred because he only learned of the factual predicate of this claim just before filing his federal habeas petition in 2003. Even assuming that this contention is properly before us, it is without merit. The factual predicate of Brooks' breach of plea agreement claim was reasonably discoverable years ago through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(D); *Hasan v. Galaza,* 254 F.3d 1150, 1154 (9th Cir.2001).

To the extent that Brooks raises uncertified issues, we construe such argument as a motion to expand the Certificate of Appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.