**Shandel Clay MILLIGAN, Petitioner–Appellant,**

v.

**S.K. SCRIBNER, Respondent–Appellee.**

No. 05–55820.

United States Court of Appeals, Ninth Circuit.

ed by 9th Cir. R. 36–3.

Submitted Feb. 9, 2007 *.

Filed Feb. 21, 2007.

Before: HALL, O'SCANNLAIN, and CALLAHAN, Circuit Judges.

MEMORANDUM **

The district court correctly concluded that the Shandel Clay Milligan's habeas petition was untimely. Equitable tolling based on Milligan's claim of inadequate library resources at High Desert State Prison was not justified. Although we have previously said that deficient prison library resources may be grounds for equitable tolling, the inquiry is "highly fact-dependent." *See Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir.2000) (en banc). The evidence presented shows no causal link between the library's limitations and the 6½ year delay in Milligan's petition. The district court properly concluded that Milligan's "vague and unsubstantiated assertion does not warrant [equitable] tolling."

Although equitable tolling may be justified where a prisoner is deprived of access to his files, *see Lott v. Mueller*, 304 F.3d 918 (9th Cir.2002), such basis for tolling cannot redeem Milligan's petition. For even if we were to accept his unsubstantiated assertion that his files were removed for numerous weeks during each prison transfer, it would be insufficient to account for the enormous delay in filing here.[1]

Shandel Clay Milligan, Soledad, CA, pro se.

Jean–Claude Andre, Esq., Ivey Smith & Ramirez, Los Angeles, CA, for Petitioner–Appellant.

Herbert S. Tetef, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We deem meritless the government's argument that the Certificate of Appealability encompassed only those equitable tolling arguments related to prison library deficiencies or denial of access to files during prison transfers. The Certificate also expressly included the issue of "whether the district court erred in dismissing appellant's 28 U.S.C. § 2254 petition as untimely." Therefore, we consider Milligan's other equitable tolling arguments. However, we reject them for failure to link the alleged violations with the delay in his federal petition. The prison mailbox rule does not apply, because Milligan offers no evidence of the day that he delivered the petition to prison authorities. *See Houston v.*

Statutory tolling cannot make up the deficit. Under the Anti–Terrorism and Effective Death Penalty Act, statutory tolling applies for the period in which "a properly filed application for State post-conviction or other collateral review ... is pending." 28 U.S.C. § 2254(d)(2). Because Milligan's original habeas petition was filed and denied on March 26, 1997, at most he would be entitled to one day of statutory tolling,[2] which would have given him until April 25, 1997, one day past the statute's deadline of April 24, 1997. Since he failed to file in federal court until December 11, 2003, he was over 6½ years too late.

**AFFIRMED.**

---

*Lack,* 487 U.S. 266, 275–76, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

**2.** Milligan does not qualify for interval tolling between his first and second habeas petitions, because he provided no justification for the five-year delay in the second petition. *See*

*Gaston v. Palmer,* 447 F.3d 1165, 1167 (9th Cir.2006).

