**Philip Walker ROSATI, aka Mike Trask, aka Phil Campbell, aka Phil Contrell, aka Philip Dimpero, aka Philip Walker, aka Terry Sanders, Petitioner–Appellant,**

v.

**P.L. KERNAN, Warden, Mule Creek State Prison, Respondent– Appellee.**

No. 06–55181.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Feb. 1, 2008.

Philip Walker Rosati, Coalinga, CA, pro se.

Michael Tanaka, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Petitioner–Appellant.

Robert M. Snider, Esq., AGCA—Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

California state prisoner Philip Walker Rosati appeals from the district court's judgment dismissing his 28 U.S.C. § 2254 petition as time-barred. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

This court granted a certificate of appealability as to whether Rosati is entitled to an evidentiary hearing to determine whether the Antiterrorism and Effective Death Penalty Act's one-year statute of limitations should have been equitably tolled. Having reviewed Rosati's contentions with respect to his entitlement to equitable tolling, we conclude that, at best, Rosati is entitled to equitable tolling only for the 142 days that he was deprived of his legal materials and files. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *Gaston v. Palmer,* 417 F.3d 1030, 1034–35 (9th Cir. 2005), *modified on other grounds by* 447 F.3d 1165 (9th Cir.2006), *cert. denied,* ——

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

U.S. ——, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007); *Espinoza–Matthews v. California,* 432 F.3d 1021, 1027–28 (9th Cir.2005). Even given the benefit of these 142 days, Rosati's federal petition would still be untimely. On this record, there was no reason for the district court to hold an evidentiary hearing. *Cf. Roy v. Lampert,* 465 F.3d 964, 969 (9th Cir.2006).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.