**Michael A. ESTEVEZ, Plaintiff—Appellant,**

v.

**Mike EVANS, Defendant—Appellee.**

**No. 06–17350.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2008.*

Filed Oct. 23, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael A. Estevez, San Diego, CA, pro se.

Laurence K. Sullivan, Esq., AGCA—Office of the California Attorney General, San Francisco, CA, for Defendant–Appellee.

Before: LEAVY, RYMER, and THOMAS, Circuit Judges.

### MEMORANDUM **

California state prisoner Michael A. Estevez appeals pro se from the district court's dismissal of his 28 U.S.C. § 2254 petition as untimely. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

■ Estevez contends that his petition was timely filed because the one-year limitation period did not begin, pursuant to

28 U.S.C. § 2244(d)(1)(B), until his detention in administrative segregation without access to his legal paperwork, and his subsequent lack of library access came to an end. We conclude that any impediment to filing a petition during the time that Estevez was in administrative segregation did not arise as a result of state action in violation of the Constitution or Federal law, *see Lewis v. Casey,* 518 U.S. 343, 361–62, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996), and therefore § 2244(d)(1)(B) is inapplicable. Furthermore, during the time that Estevez asserts that he was denied library access, he prepared and filed a timely state habeas petition, such that any denial of library access did not constitute an "impediment" pursuant to § 2244(d)(1)(B). *See Gaston v. Palmer,* 417 F.3d 1030, 1035 (9th Cir.2005), *amended by* 447 F.3d 1165 (9th Cir.2006).

■ Estevez also contends that he is entitled to equitable tolling as a result of his lack of access to his legal paperwork and the library. In light of Estevez's delay in exhausting his claims and filing his federal petition after he regained access to his paperwork, Estevez cannot demonstrate that he "has been pursuing his rights diligently," and therefore he is not entitled to equitable tolling for that period of time. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Moreover, Estevez is not entitled to equitable tolling on account of the denial of access to the library, because the record reflects that he was in fact able to access the library, and that he was able to file a state habeas petition during that time. *See Gaston,* 417 F.3d at 1034–35.

Estevez further contends that the district court's order dismissing a previously filed § 2254 petition without prejudice en-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

titled him to a period of equitable tolling following the state court's subsequent denial of habeas relief. Because this contention was not properly raised in the district court, we decline to address it here. *See Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.2001).

We deny Estevez's request for judicial notice.

**AFFIRMED.**