**Joseph HICKS, aka Joseph Nathan Hicks, aka Joseph Nathon Hicks, aka Joe Hicks, Petitioner,**

v.

**Debra DEXTER, Warden, Respondent.**

**Case No. EDCV 08–1820–DDP(RC).**

United States District Court, C.D. California.

Aug. 19, 2009.

Joseph Hicks, Blythe, CA, pro se.

Christine Marie Levingston Bergman, Caag, San Diego, CA, for Respondent.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

DEAN D. PREGERSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the Petition and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as petitioner's objections, and has made a *de novo* determination.

IT IS ORDERED that (1) the Report and Recommendation is approved and adopted; (2) the Report and Recommendation is adopted as the findings of fact and conclusions of law herein; and (3) Judgment shall be entered denying the petition for writ of habeas corpus and dismissing the action with prejudice.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order, the Magistrate Judge's Report and Recommendation and Judgment by the United States mail on petitioner.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Dean D. Pregerson, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

## BACKGROUND

### I

On October 16, 2006, in Riverside County Superior Court case no. RIF122474, a jury convicted petitioner Joseph Hicks, aka Joseph Nathan Hicks, aka Joseph Na-thon Hicks, aka Joe Hicks, of one count of criminal threats in violation of California Penal Code ("P.C.") § 422 (count 2), one count of unlawful taking or driving of a vehicle in violation of California Vehicle Code § 10851(a) (count 3), one count of receiving stolen property in violation of P.C. § 496d(a) (count 4), one count of first degree robbery in violation of P.C. § 211 (count 5), one count of first degree burglary in violation of P.C. § 459 (count 6), and one misdemeanor count of assault in violation of P.C. § 240 (count 7); as to count 5, the jury found petitioner personally used a firearm in commission of the robbery within the meaning of P.C. §§ 12022.53(b) and 1192.7(c)(8); as to count 6, the jury found petitioner personally used a firearm in commission of the burglary within the meaning of P.C. §§ 12022.5(a) and 1192.7(c)(8); and, in a bifurcated proceeding, the trial court found petitioner had suffered three prior prison terms within the meaning of P.C. § 667.5(b), one prior serious felony within the meaning of P.C. § 667(a), and one prior strike under the California Three Strikes law within the meaning of P.C. §§ 667(c) and (e)(1) and 1170.12(c)(1). Clerk's Transcript ("CT") 75–81, 176–78, 180–88. On January 12, 2007, the trial court sentenced petitioner to the total term of 29 years and 8 months in state prison. CT 237–43; Reporter's Transcript ("RT") 317:14–320:12.

The petitioner appealed the judgment to the California Court of Appeal, CT 244, which in an unpublished opinion filed November 26, 2007, 2007 WL 4158026, directed the trial court to amend "the abstract of judgment to reflect that imposition of sentence on count 4 has been stayed and to reflect the striking of the three prior prison term enhancements[,]" and, in all other respects, affirmed the judgment. Lodgment nos. 3–6. On December 18, 2007, petitioner, proceeding through counsel, filed a petition for review in the California

Supreme Court, which denied the petition on January 30, 2008. Lodgment nos. 7–8.

## II

On December 10, 2008, petitioner filed the pending habeas corpus petition under 28 U.S.C. § 2254, challenging his sentence on the sole ground that the "imposition of the upper term on the first degree robbery charge in count five violated petitioner's Sixth and Fourteenth Amendment ... constitutional rights ...." Petition at 5a–5d. On February 4, 2009, respondent filed her answer to the petition, and on May 13, 2009, petitioner filed his traverse.[1]

## DISCUSSION

### III

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "circumscribes a federal habeas court's review of a state court decision." *Lockyer v. Andrade,* 538 U.S. 63, 70, 123 S.Ct. 1166, 1172, 155 L.Ed.2d 144 (2003); *Wiggins v. Smith,* 539 U.S. 510, 520, 123 S.Ct. 2527, 2534, 156 L.Ed.2d 471 (2003). As amended by AEDPA, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—[¶] (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or [¶] (2) resulted in a decision that was based on an unrea-

sonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under AEDPA, a federal court shall presume a state court's determination of factual issues is correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The California Supreme Court reached the merits of petitioner's claim when it denied his petition for review without comment. *Gaston v. Palmer,* 417 F.3d 1030, 1038 (9th Cir.2005), *amended by,* 447 F.3d 1165 (9th Cir.2006), *cert. denied,* 549 U.S. 1134, 127 S.Ct. 979, 166 L.Ed.2d 742 (2007); *Hunter v. Aispuro,* 982 F.2d 344, 348 (9th Cir.1992), *cert. denied,* 510 U.S. 887, 114 S.Ct. 240, 126 L.Ed.2d 194 (1993). "Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Ylst v. Nunnemaker,* 501 U.S. 797, 803, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991); *Medley v. Runnels,* 506 F.3d 857, 862 (9th Cir.2007) (en banc), *cert. denied,* —— U.S. ——, 128 S.Ct. 1878, 170 L.Ed.2d 754 (2008). Thus, in addressing petitioner's claim, this Court will consider the reasoned opinion of the California Court of Appeal, which denied that claim on the merits. *Butler v. Curry,* 528 F.3d 624, 640 (9th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 767, 172 L.Ed.2d 763 (2008); *Delgadillo v. Woodford,* 527 F.3d 919, 925 (9th Cir.2008).

---

1. In his traverse, petitioner contends for the first time that his sentence was unauthorized under P.C. § 1170(b). However, "[a] Traverse is not the proper pleading to raise additional grounds for relief." *Cacoperdo v. Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994), *cert. denied,* 514 U.S. 1026, 115 S.Ct. 1378, 131 L.Ed.2d 232 (1995). Moreover, this is

merely a state law sentencing claim for which federal habeas corpus relief is generally not available. *See, e.g., Bueno v. Hallahan,* 988 F.2d 86, 88 (9th Cir.1993) (per curiam) ("[S]entence enhancement on the basis of prior convictions ... does not violate the Constitution.").

## IV

In *Cunningham v. California,* 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), the United States Supreme Court held California's determinate sentencing law ("DSL") violated the Constitution to the extent it allows a judge to make factual findings that justify the imposition of an upper term of imprisonment as the maximum term. *Id.* at 274, 293, 127 S.Ct. at 860, 871. In so holding, the Supreme Court noted that "California's DSL, and the rules governing its application, direct the sentencing court to start with the middle term, and to move from that term only when the court itself finds and places on the record facts—whether related to the offense or the offender—beyond the elements of the charged offense." *Id.* at 279, 127 S.Ct. at 862. The Supreme Court then concluded, based on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), that "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham,* 549 U.S. at 288, 127 S.Ct. at 868; *see also Blakely,* 542 U.S. at 303, 124 S.Ct. at 2537 ("[T]he 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" (emphasis in original)). Finally, the Supreme Court held that "[e]xcept for a prior conviction, 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Cunningham,* 549 U.S. at 288–89, 127 S.Ct. at 868 (quoting *Apprendi,* 530 U.S. at 490, 120 S.Ct. at 2362–63).

■ Nevertheless, "under California law, only one aggravating factor is necessary to set the upper term as the maximum sentence ...." *Butler,* 528 F.3d at 643; *People v. Black,* 41 Cal.4th 799, 813, 62 Cal.Rptr.3d 569, 579, 161 P.3d 1130 (2007) (*Black II* ), *cert. denied,* —— U.S. ——, 128 S.Ct. 1063, 169 L.Ed.2d 813 (2008); *People v. Osband,* 13 Cal.4th 622, 728, 55 Cal.Rptr.2d 26, 95, 919 P.2d 640 (1996), *cert. denied,* 519 U.S. 1061, 117 S.Ct. 696, 136 L.Ed.2d 618 (1997). "For that reason, if at least one of the aggravating factors on which the judge relied in sentencing [petitioner] was established in a manner consistent with the Sixth Amendment, [petitioner's] sentence does not violate the Constitution." *Butler,* 528 F.3d at 643; *Black II,* 41 Cal.4th at 813, 62 Cal. Rptr.3d at 579, 161 P.3d 1130.

In petitioner's case, the trial court imposed an aggregate prison sentence of 29 years 8 months, consisting of the following:

(1) the upper term of six years on the principle [sic] count, count 5, doubled pursuant to the strike prior; (2) 10 years consecutive for the personal use enhancement on count 5; (3) the upper term of six years on count 6, doubled pursuant to the strike prior, stayed pursuant to Penal Code section 654; (4) 10 years stayed for the personal use enhancement on count 6; (5) one-third the midterm of two years, doubled, consecutive on count 3; (6) one-third the midterm of two years, doubled, concurrent on count 4; (7) one-third the midterm of two years, doubled, consecutive on count 2; (8) six months concurrent on count 7; (9) five years consecutive for the prior serious felony; and (10) one year each for the three prior prison terms, stayed.

Lodgment no. 6 at 2–3 (footnote omitted). Since petitioner's "prior conviction record reveal[ed] at least one aggravating circumstance, not used as an enhancement, which

rendered [petitioner] eligible for an upper term sentence[,]" the California Court of Appeal held "the trial court acted appropriately in imposing the aggravated term." *Id.* at 3. In explaining its holding, the California Court of Appeal stated:

> [T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a judge to impose a sentence above the statutory maximum based on a fact, other than a prior conviction, not found by a jury or admitted by the defendant. (*Cunningham, supra,* 127 S.Ct. at p. 860.) In *Cunningham,* the United States Supreme Court held that by placing sentence-elevating factfinding within the trial judge's province, California's DSL violates a criminal defendant's right to a jury trial safeguarded by the Sixth and Fourteenth Amendments to the federal Constitution. (*Cunningham, supra,* at p. 860.) The *Cunningham* court explained that because circumstances in aggravation are found by the judge, not the jury, and need only be established by a preponderance of the evidence rather than by proof beyond a reasonable doubt, the California DSL violates the bright-line rule in *Apprendi v. New Jersey* (2000) 530 U.S. 466 [120 S.Ct. 2348, 147 L.Ed.2d 435] (*Apprendi*) that any fact, other than the fact of a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. (*Cunningham, supra,* at p. 868.) Quoting *Blakely v. Washington* (2004) 542 U.S. 296 [124 S.Ct. 2531, 159 L.Ed.2d 403] (*Blakely*) for the proposition that " '[t]he "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant,*' " the *Cunningham* court concluded that "[i]n accord with *Blakely,* therefore, the

middle term prescribed in California statutes, not the upper term, is the relevant statutory maximum." (*Cunningham, supra,* at p. 868.) [¶] However, *Cunningham* did reaffirm the exception enunciated in *Almendarez–Torres v. United States* (1998) 523 U.S. 224 [118 S.Ct. 1219, 140 L.Ed.2d 350] and affirmed in *Apprendi* that *"[e]xcept for a prior conviction,* 'any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.' [Citation.]" (*Cunningham, supra,* 127 S.Ct. at p. 868, italics added, quoting *Apprendi, supra,* 530 U.S. at p. 490 [120 S.Ct. 2348].) The *Almendarez–Torres/Apprendi* exception is sufficiently broad to encompass all matters ascertainable from the face of the prior judgment of conviction. (*People v. Black* (2007) 41 Cal.4th 799, 818–820 [62 Cal.Rptr.3d 569, 161 P.3d 1130] (*Black II*); *People v. McGee* (2006) 38 Cal.4th 682, 707–709 [42 Cal.Rptr.3d 899, 133 P.3d 1054]; *People v. Thomas* (2001) 91 Cal.App.4th 212, 222–223 [110 Cal. Rptr.2d 571].) The United States Constitution does not mandate a jury trial on prior convictions, and any right to a jury trial would be purely statutory. (*Apprendi, supra,* at pp. 487–490 [120 S.Ct. 2348]; *People v. Epps* (2001) 25 Cal.4th 19, 23 [104 Cal.Rptr.2d 572, 18 P.3d 2]; see [P.C.] § 1025.) By statute in California, a defendant is afforded a jury trial only as to the fact of those prior convictions alleged in the accusatory pleading as statutory sentence enhancements. ( [P.C.] § 1025; *People v. Epps, supra,* at pp. 29–30 [104 Cal. Rptr.2d 572, 18 P.3d 2].) **Prior convictions considered as aggravating factors for the purpose of imposing the upper term may be determined by the court upon facts shown in the probation report and need be established**

only by a preponderance of the evidence. ( [P.C.] § 1170, subd. (b); Cal. Rules of Court, rule 4.420(b).) "[A]s long as a single aggravating circumstance that renders a defendant *eligible* for the upper term sentence has been established in accordance with the requirements of *Apprendi* and its progeny, any additional factfinding engaged in by the trial court in selecting the appropriate sentence among the three available options does not violate the defendant's right to jury trial." (*Black II, supra,* at p. 812 [62 Cal.Rptr.3d 569, 161 P.3d 1130].) [¶] **Here, as shown in the probation report, defendant had a prior criminal record which included seven adult convictions, five of which were felonies. Even excepting the three prior felony convictions which were used as [P.C.] section 667.5, subdivision (b) enhancements, and the one additional conviction which was used as prior strike and prior serious felony conviction enhancements, the trial court still had before it defendant's sole remaining prior felony conviction.** The court indicated that it could not find any mitigating factors: "And so I'm back to the probation report where they list all of these factors in aggravation and find none in mitigation. And I'm hard pressed to find anything in mitigation." It reiterated: "So I cannot find that there are mitigating factors that outweigh the aggravating factors, and therefore, I do feel the high-based term is the appropriate one, and the Court imposes the high-based term on the [P.C. § ] 211." In summarizing its imposition of sentence, the court noted that it took "no pleasure in imposing such severe sentences, but when the crime is done and the prior-and the prior conduct is such as it is here, there just isn't too much choice for the Court

to exercise discretion." Therefore, the trial court had before it at least a single aggravating factor for which imposition of the upper term was proper. [¶] [Petitioner's] contention that *Black II* was incorrectly decided and, ultimately, will be overruled by the United States Supreme Court is purely speculative and does not provide this court with authority to disregard it.[2] Moreover, we disagree that *Black II* is in contradiction with *Cunningham*. Rather, *Black II* expressly implements the California Supreme Court's interpretation of *Cunningham*. And ... appellate courts [must] follow the precedent established by the California Supreme Court: "The decisions of this court are binding upon and must be followed by all the state courts of California." Finally, the court in *People v. Sandoval* (2007) 41 Cal.4th 825 [62 Cal.Rptr.3d 588, 161 P.3d 1146] also recognized that *Cunningham* and its forbears [sic] exempted application of "the right to jury trial and the requirement of proof beyond a reasonable doubt ... to the [determination of an] aggravating fact of a prior conviction." (*People v. Sandoval, supra,* at pp. 836–837 [62 Cal.Rptr.3d 588, 161 P.3d 1146].) In that case, unlike the present case, none of the factors the trial court used in justifying imposition of the upper terms were based on the defendant's prior record of conviction. (*Id.* at pp. 837–838 [62 Cal.Rptr.3d 588, 161 P.3d 1146].) Indeed, the defendant had no record of prior conviction. (*Ibid.*) Contrary to [petitioner's] contention, nothing in *Sandoval* prohibits the "qualitative evaluation" of aggravating factors by the trial court so long as at least one eligibility factor may be found. (*Black II, supra,* 41 Cal.4th at p. 812 [62 Cal. Rptr.3d 569, 161 P.3d 1130].) Here, as

**2.** In fact, the United States Supreme Court in 2008 denied certiorari in *Black II.*

discussed above, at least one eligible aggravating factor existed which justified imposition of the upper term.

Lodgment no. 6 at 5–9 (footnote added; citation omitted); *see also* RT 317:14–319:4.

■ Here, given petitioner's five prior felony and two prior misdemeanor convictions, there is no doubt the California Court of Appeal correctly applied *Cunningham* to affirm the trial court's imposition of the upper term on count 5. *Butler*, 528 F.3d at 648; *see also* Cal. Rules of Court Rule 4.421(b)(2) (aggravating factors include "defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness"); *Black II*, 41 Cal.4th at 818, 62 Cal.Rptr.3d at 583, 161 P.3d 1130 (defendant's three prior misdemeanors and two prior felonies satisfied Rule 4.421(b)(2)'s requirements); *Rosenblum v. Yates*, 2009 WL 86561, *7 (C.D.Cal.) ("Because Petitioner's [two prior felony and three prior misdemeanor] convictions were numerous as a matter of law, no jury determination was necessary to impose an upper term sentence based on numerosity. Therefore, the sentencing court's imposition of an upper term sentence did not violate the Sixth Amendment as construed in *Apprendi, Blakely* and *Cunningham*.").[3] Thus, the California Supreme Court's denial of petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established federal law.

**RECOMMENDATION**

IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) adopting the Report and Recommendation as the findings of fact and conclusions of law herein; and (3) directing that Judgment be entered denying the petition and dismissing the action with prejudice.

---

**3.** As the California Court of Appeal found, the trial court relied on the probation report in sentencing petitioner. *See* RT 317:23–319:4. The probation report indicated petitioner had seven aggravating factors, including the factor listed in Rule 4.421(b) (2), and one of the other aggravating factors was that petitioner was on parole when he committed the offenses. CT 230; *see also* Cal. Rules of Court Rule 4.421(b)(4) (aggravating factors include "defendant was on probation or parole when the crime was committed"). This factor also supports the trial court's imposition of the upper term on count 5. *Cf. Butler*, 528 F.3d at 651–52; *Taylor v. Sullivan*, 2009 WL 1073169, *6 (C.D.Cal.).