**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOEL MILES WHITE, | No. 08-35916 |
| Petitioner - Appellant, | D.C. No. CV-08-81-BLG-RFC-CSO |
| v. | |
| SAM LAW et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted October 4, 2010
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and EZRA, District Judge.[**]

Montana state prisoner Joel Miles White appeals the district court's denial of

his 28 U.S.C. § 2254 habeas petition. White argues on appeal that the trial court's

exclusion of the victim's prior threats presents a colorable federal claim and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable David Alan Ezra, United States District Judge for the District of Hawaii, sitting by designation.

therefore the district court erred in denying his unexhausted habeas petition on the merits. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

"A state court's evidentiary ruling is grounds for federal habeas corpus relief only if it renders the state proceeding so fundamentally unfair as to violate due process." *Bueno v. Hallahan*, 988 F.2d 86, 87 (9th Cir. 1993) (citing *Jammal v. Van de Kamp*, 926 F.2d 918, 919–20 (9th Cir. 1991)). We evaluate the following five factors to determine whether exclusion of evidence gives rise to a constitutional violation: "(1) the probative value of the excluded evidence on the central issue; (2) its reliability; (3) whether it is capable of evaluation by the trier of fact; (4) whether it is the sole evidence on the issue or merely cumulative; and (5) whether it constitutes a major part of the attempted defense." *Tinsley v. Borg*, 895 F.2d 520, 530 (9th Cir. 1990). "We must then balance the importance of the evidence against the state interest in exclusion." *Id.*

White has failed to show that the trial court's exclusion of the victim's prior threats violated due process. The prior threats occurred well before the killing, are of limited probative value, and did not constitute a major part of White's defense. This is especially true because White testified fully at trial, and the prior threats are marginally probative in comparison with White's testimony. Furthermore, the evidence against White was overwhelming.

Accordingly, we conclude that the trial court's exclusion of the victim's prior threats was not contrary to or an unreasonable application of federal law. Although this claim is unexhausted, we deny it on the merits pursuant to 28 U.S.C. § 2254(b)(2) because it is "perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

White also asserts that the district court should have denied his unexhausted habeas petition without prejudice, rather than on the merits, so that he could either return to state court to exhaust his claims or amend his petition to include his exhausted jury contamination claim. We construe White's additional argument as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *see also Hiivala v. Wood*, 195 F.3d 1098, 1104–05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**